

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § Plaintiff, § § v. § Case No. 2:06-CV-11753 § Judge Nancy G. Edmunds PETER ERIC HENDRICKSON and § DOREEN M. HENDRICKSON, § Defendants. § § | |



## DEFENDANTS MOTION TO DISMISS FOR LACK OF JURISDCTION, TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE and NOTICE OF VIOLATION OF FRCP RULE 11

Defendants, PETER ERIC HENDRICKSON and DOREEN M. HENDRICKSON, file these MOTIONS and NOTICE in conformity with FRCP Rules 11 and 12 and show:

### BACKGROUND

On June 23rd, 2004 and September 15th, 2004 the Internal Revenue Service, Secretary of the Treasury and the Attorney General of the United States, filed suit against Defendant(s) under the guise of investigating "the promotion of abusive tax shelters" pursuant to I.R.C. § 6700, which were subsequently withdrawn upon Answer. This suit is a not-so-veiled attempt at yet another IRC 6700 suit.

This suit has been unlawfully commenced by purported agents of the Internal Revenue Service, Secretary of the Treasury and the Attorney General of the United States, under the guise of a suit to collect an "erroneous tax refund" from Defendants, (a refund of tax that was never received) and for injunctive relief. However, the truth of the

matter is that this suit is nothing more than an assault on the Constitutional Rights of the Defendants and an outrageous display of contempt for the integrity of this court and the Rule of Law in America. It is, after prior failed attempts, yet another effort to silence the Defendants in their efforts to exercise their rights to freedom of speech secured under the 1st article of amendment to the Constitution of the United States.

## THE COURT IS WITHOUT JURISDICTION

### Plaintiff is without capacity to sue:

1. Defendants move the Court to dismiss this case. The complaint purports to be a civil action initiated by a plaintiff, "*United States of America,*" for alleged violations of laws or administrative codes of the federal United States government and for injunctive relief. The Defendants have no knowledge of any statute, rule, regulation or other provision of law that would permit suit against them by an entity known as "*United States of America.*"

2. The "*United States of America*" exists only as the union of the 50 States *united*, that, as a unified body, created the federal "United States" government by and through the ratification of the Federal Constitution. Therefore, defendants contend that "*United States of America*" does not exist in any capacity to file a suit or seek injunctive relief against Defendants.

3. This is a fraudulent attempt to deceive the public into believing that the federal government sits as a ***central*** government, rather than the ***general*** government that it is. Absent a showing by the government of the lawful authority granted by Congress to bring the instant action in the name of "United States of America", the court is in want of

jurisdiction over the Defendants and this matter.

**No Erroneous Tax Refund:**

4. As a condition precedent to the Court acquiring jurisdiction of the subject matter of this suit, pursuant to IRC § 7405, there must be a showing of an "erroneous tax refund" to Defendants. Defendants did not receive any refund of "tax" for the years 2002 or 2003.

5. No tax is due and owing to the United States other than as established by means of a lawful assessment. There is a lawful assessment in existence for Defendants for each of the years 2002 and 2003, both of which establish beyond any doubt that there was no liability for any tax against the Defendants and in favor of the United States.

6. Any funds returned to Defendants by the Internal Revenue Service for the years 2002 and 2003 were merely the return of a deposit of the Defendant's own funds, held as a credit toward any potential tax liability, which did not and does not exist.

7. Since the lawful assessment establishes there was no tax liability for the years 2002 and 2003, any funds returned to Defendants were not a "refund of tax", but quite simply a return of their own property. Therefore, the Court is without jurisdiction over the Defendants and this matter.

**Failure to state a claim upon which relief may be granted:**

8. In addition to the fact that there has been no erroneous tax refund to Defendants, the Plaintiff asserts another claim upon which the court is without jurisdiction to grant relief, namely a request for injunctive relief.

9. In effect, Plaintiff requests the Court to enjoin the Defendants from filing federal tax forms in conformity with what Defendants believe the law requires.

10. In accordance with the Internal Revenue Code and applicable regulations, Defendants filed proper Forms 1040 for the years 2002 and 2003 and signed *"Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of **my** knowledge and belief, they are true, correct, and complete."* (Underlining, bold and italics fonts have been added for emphasis.)

11. Defendants federal income tax returns were filed based upon the best of ***their*** *knowledge and belief.* There is no jurisdiction granted by any statute, rule, regulation or other provision of law, for this Court to require, enjoin or otherwise *coerce* the defendants – obviously against their will -- to complete, sign, and file *coerced* IRS 1040 forms under the pretense that such documents would reflect ***their*** own *knowledge and belief* and constitute valid, federal tax returns.

12. In Garner v. United States, 424 U.S. 648 (1976), The United States Supreme Court made it clear that: ***"The information revealed in the preparation and filing of an income tax return is, for purposes of Fifth Amendment analysis, the testimony of a "witness," as that term is used herein."*** Therefore, for the plaintiff to pray to this Court that it *require* the defendants to commit such vain acts not only constitutes witness tampering in an attempt to get this Court to change the defendants' previous testimony on their income tax returns for 2002 and 2003, but the prayer reveals the plaintiff's flagrant disregard of-- and contempt for-- the fundamental principles of law and justice.

13. The basic premise upon which the government's complaint is constructed is that mere disagreement with, and meaningful expression of disagreement with, the assertions of an information return filer can be denied, penalized, burdened or overridden.

That this is the basic premise is made clear by the incessant repetition in the complaint of allegations that Defendant's filings are "false and fraudulent" for no reason given other than that they disagree with the assertions presented on the information returns the government favors. To begin with, this premise is irrational, for, lacking any additional evidence in favor of one side or another, there is no rational basis for favoring one over the other. One would wonder why the government is not accusing the information return preparers of filing "false and fraudulent" information returns because they disagree with the Defendant's assertions, if not for the next point: The premise is corrupt, in that the government is a party with an interest in the outcome, and is seeking to improperly tip to its favor what is properly in balance. Further, the premise is a fundamental assault on due process. As the United States Supreme Court points out in Heiner v. Donnan 285 U.S. 312 (1932)"...*a statute which imposes a tax upon an assumption of fact which the [presumed] taxpayer is forbidden to controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth Amendment.*" In Vlandis v. Kline, 412 U.S. 441 (1973), the court says that, "...*irrebuttable presumptions have long been disfavored under the Due Process Clauses of the Fifth and Fourteenth Amendments.*" Further, in Armstrong v. Manzo, 380 U.S. 545 (1965), the court declares that, "*A fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394. It is an opportunity which must be granted at a meaningful time and in a meaningful manner.*" The exchange of evidence by way of returns (information returns and 1040s, etc.) IS the "meaningful time and manner" involved in the "income" tax, so much so that a concrete penalty-- a $500 fine-- can be imposed on someone about whom an information return is created by someone else, should that person fail to file their own

evidence in response. Indeed, the government impose all manner of onerous, burdensome, and often expensive legal infirmities and harassments upon those who fail to introduce evidence by means of a return-- the object of which impositions is the severance of the target's rights to his or her own property. Consequently, it is worth remembering that, *"The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society."* United States Supreme Court, Joint Anti-Fascist Comm. v. McGrath, 341 U.S. 123, 168 (1951); and that, *"If [a provision of the Constitution] will thwart the effectiveness of a system of law enforcement, then there is something very wrong with that system."* United States Supreme Court, Escobedo v. Illinois 378 U.S. 478 (1964). Finally, once a 1040 is executed, the declarations made on the form as to income received (and on the basis of which any resulting tax liability will be determined) become legally fixed. Consequently, the filer MUST express his or her knowledge and belief as to that matter at that point in the process.

14. IRC 7402 grants no jurisdiction to the Court for any matter asserted by Plaintiff absent some showing that the Defendants have violated some specific statute, rule, regulation or other provision of law. Plaintiff's complaint violates FRCP Rule 8 (a) and (e) in that it does not include any "short and plain" statement of the grounds upon which the courts jurisdiction depends. Furthermore, no evidence is offered and no law is cited (other than that claimed for jurisdictional purposes) throughout the entire pleading. **Pare all the unsupported allegations of "false and fraudulent" out, and nothing is left but a bald prayer for injunctive relief; and an illegal disclosure of Defendants personal and confidential return information, in clear violation of IRC 6103.**

## MOTION FOR MORE DEFINITE STATEMENT

15. Subject to the Courts ruling on jurisdiction, Defendants show that Plaintiff's complaint is so vague and ambiguous that Defendants cannot reasonably be required to frame an answer and, therefore, move the court to order the government for a more definite statement so that Defendants can properly answer.

16. Defendants assert the following defects and request details as noted:

a. In paragraph 1, Plaintiff avers generally, that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

b. In paragraph 2, Plaintiff avers that the suit was authorized by certain un-named agents of the Internal Revenue Service and Attorney General of the United States. Defendants request the Court order Plaintiff to state with specificity the names of the persons who authorized this suit to be filed so that Defendant case judge the veracity of that claim and properly answer.

c. In paragraph 3, Plaintiff avers that various sections of title 28 and 26 grant jurisdiction to the court to hear this matter, without disclosing the underlying statute, rule, rule, regulation or other provision of law that Defendants supposedly violated that would give rise to jurisdiction of the court to grant relief to Plaintiff. Defendants request the court to order Plaintiff to state with specificity the statute, rule, regulation or other provision of law that it alleges Defendants violated so that Defendants can properly answer.

d. In paragraph 13, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

e. In paragraph 14, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

f. In paragraph 15, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

g. In paragraph 16, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

h. In paragraph 17, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

i. In paragraph 18, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating

with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

j. In paragraph 21, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

k. In paragraph 23, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

l. In paragraph 25, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

m. In paragraph 27, the Plaintiff avers that the court is authorized under IRC § 7402(a) to issue injunction against Defendants for violation of "internal revenue laws", without specifying which "internal revenue laws", Defendants have violated. Defendants request the court to order Plaintiff to state with specificity the "internal revenue laws", or other statute, rule, regulation or other provision of law, Defendants have violated, so that they may make a proper answer.

n. In paragraph 28, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or

fraudulent, in conformity with FRCP Rule 9(b). Furthermore, Plaintiffs aver that Defendants have "engaged in conduct that interferes substantially wit the enforcement of the internal revenue laws" without specifying the conduct complained of.

Since it would be outrageous, to assert that the simple filing of a few forms would "substantially" interfere with the enforcement of the "internal revenue laws", there must be some other conduct that Plaintiffs complain of and Defendants request the court order the Plaintiff to state with specificity the conduct complained of.

o. In paragraph 31, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b).

p. In paragraph 32, Plaintiff avers that Defendants committed fraudulent acts. Defendants request the court order Plaintiff to make all averments of **fraud** by stating with particularity the circumstances thereof, specifically why the acts were false or fraudulent, in conformity with FRCP Rule 9(b). Furthermore, Plaintiff avers that Defendants conduct imposes an "immediate and irreparable injury" on the "United States of America", but do not state how the filing of a few forms will create such injury nor how it will harm the 50 Union States that comprise the United States of America, who cannot be a party to this suit. Defendants request the court order Plaintiff to plead with specificity the nature, scope, manner and means of such alleged "injury" so that Defendants can properly answer.

q. In paragraph 33, Plaintiff, now all of a sudden the "United States" will suffer injury if Defendants are not compelled to "obey the law", but Plaintiff does not aver what

law Defendants have violated. Defendants request the court to order the Plaintiff to plead with specificity the exact statute, rule, regulation or other provision of law that they are requesting the court to order enforcement of, so that they may properly answer.

r. In paragraph 34, Plaintiff does not aver what "illegal conduct" Defendants have engaged in, or what "harm" will be suffered by the "United States Treasury" (not a party to this suit) or the "public" (also not a party to this suit). Defendants request the court order Plaintiff to re-plead with specificity the "illegal conduct" complained of and the "harm" that may be suffered by the non-parties, so that Defendants may properly answer.

## MOTION TO STRIKE

17. Subject to the Courts ruling on Motion for More Definite Statement, and in conformity with FRCP Rule 12(f), Defendants move the Court to strike the following from the Complaint:

a. The pejorative term "bogus" in paragraph 7.

b. The pejorative term "brags" in paragraph 8.

c. The frivolous phrase "tax fraud promotional materials" in paragraph 18.

d. Paragraph 30 in its entirety.

f. The fraudulent and misleading words "of America" appended to "United States in the first sentence of paragraph 32.

18. The foregoing terms, paragraph and words are included by the government solely to malign the Defendants and inflame the passions (against Defendants) of any person who happens to read the complaint. Furthermore, they are irrelevant, immaterial, impertinent, scandalous and without any basis in law or fact.

## NOTICE OF VIOLATION OF FRCP RULE 11

19. Attorneys for the government, namely Stephen J. Murphy, III, William L. Woodard, Robert D. Metcalfe, Anne Norris Graham, and Stephen J. Schaeffer have made the following false representations, under signature, to the Court in their Complaint in Violation of FRCP Rule 11.

The following assertions are false and made in violation of FRCP Rule 11:

   a. That the Hendricksons were issued refunds of "taxes".
   b. That Peter Hendrickson asserts that the payment of federal taxes is voluntary.
   c. That Peter Hendrickson asserts that "wages are not income".
   d. That Peter Hendrickson asserts that only federal workers are required to pay income taxes;
   e. That Peter Hendrickson asserts that "wages and income for federal income tax and withholding purposes means only wages and income of government employees".
   f. Every assertion that Peter and Doreen Hendrickson did anything false or fraudulent.
   g. That Peter Hendrickson has been or is involved with tax-fraud promotion.

20. Furthermore, the government has commenced this action for an improper purpose and to harass the Defendants. The allegations detailed in paragraph 12 are not factual and have no evidentiary support.

21. As further support for these Motions, Defendants attach and incorporate "Exhibit A" an "Affidavit of Facts in Support of Defendant's Motions".

Case No. 2:06-CV-11753

## PRAYER

Defendants PRAY this court:

a) Dismiss this Complaint for lack of jurisdiction
b) Subject to a ruling on a), order the Plaintiff to re-plead in conformity with Defendants Motion For A More Definite Statement as detailed in paragraphs 14 and 15.
c) Subject to a ruling on b), order Plaintiff to re-plead in conformity with Defendants Motion To Strike as detailed in paragraphs 16 and 17.
d) Take Notice of the Violations of FRCP Rule 11 by Plaintiff as detailed in paragraphs 18 and 19.
e) Grant Defendants such other relief, including the costs of this action, as is just and equitable.

Dated this the 2nd day of May, 2006

Respectfully submitted

*/s/ Peter Eric Hendrickson*
Peter Eric Hendrickson

*/s/ Doreen M. Hendrickson*
Doreen M. Hendrickson
232 Oriole Rd.
Commerce Twp, Michigan 48382
(248) 366-6858

## CERTIFICATE OF SERVICE

I hereby certify that on May 2nd, 2006, a true and correct copy of the above and foregoing document was served on the Plaintiff as listed below by First Class Mail to:

Robert D. Metcalfe
Trial Attorney Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044

*/s/ Peter Eric Hendrickson*
Peter Eric Hendrickson

Case No. 2:06-CV-11753

Page 13

"Exhibit A"
"Affidavit of Facts in Support of Defendant's Motions"

State of Michigan

County of Oakland

Before the undersigned, an officer duly commissioned by the laws of Michigan, on this 2nd day of May, 2006, personally appeared Peter E. Hendrickson and Doreen M. Hendrickson who, having been first duly sworn, depose and say:

> This affidavit is not to be construed as our answer to the Plaintiff's complaint, but is filed solely in support of our Motions and Notice to which it is attached.
>
> During the year 2002 and 2003, property owed to Peter E. Hendrickson under a common work-for-pay agreement with the company Personnel Management, Inc. was diverted into the keeping of the United States against the possibility of a tax liability arising after the close of each year, once the rate of tax had been accurately applied to the actual amount of taxable activity engaged in during the year.
>
> In accordance with the procedures laid out by Congress, the United States Department of Treasury, and its agencies, we accurately calculated the amount of taxable activity engaged in during 2002 and 2003; applied the rate of tax; recorded all relevant and material information, calculations and conclusions on Form 1040s; and executed the 1040s and assessed the resulting taxes.
>
> As a result of this process, our 1040s constituted claims for the return (refund) of the property which had been diverted to the keeping of the United States, which proved to be "overpayments" within one of the several meanings of that term established by law. As is reflected in relevant sections of 26 USC:
>
> *Sec. 6402. - Authority to make credits or refunds*
> *(a) General rule*
> *In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), and (e)* [deductions for past due obligations to federal or state agencies] *refund any balance to such person.*
>
> *Sec. 301.6402-3 Special rules applicable to income tax.*
> *(a) In the case of a claim for credit or refund filed after June 30, 1976--*

Page 1 of 5

*(1) In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return.*

...

*(5) A properly executed individual, fiduciary, or corporation original income tax return or an amended return (on 1040X or 1120X if applicable) shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return).*

Even language as seemingly straightforward as that above actually incorporates hidden meanings and complicating elements. To begin with, "overpayment" is itself a custom-defined legal term within the law:

*"The term "overpayment" includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto."*

and would not, on its face, apply to the circumstances such as ours. Indeed, until the enactment of the Current Tax Payment Act of 1943, the law made no particularly explicit provisions for dealing with the refund of amounts taken from persons for whom no tax liability existed. But with that act, doubtless in recognition of the fact that its easily misunderstood language could lead to withholding being improperly applied, Congress added sections establishing penalties for fraudulent or erroneous W-2's, and amended the existing section relating to the credit for tax withheld on "wages" (section 35), into what are now sections 6401(b)(1) and (c), and 31(a)(1), of the IRC:

*Section 6401- Amounts treated as overpayments*
*(b) Excessive credits*
*(1) In general*
*If the amount allowable as credits under subpart C of part IV of subchapter A of chapter 1 (relating to refundable credits) exceeds the tax imposed by subtitle A (reduced by the credits allowable under subparts A, B, D, and G of such part IV), the amount of such excess shall be considered an overpayment.*
*(c) Rule where no tax liability*
*An amount paid as tax shall not be considered not to constitute an overpayment solely by reason of the fact that there was no tax liability in respect of which such amount was paid.*
*("Subpart C of part IV of subchapter A of chapter 1",* to which 6401(b)(1) refers, is:
*Sec. 31 -Tax withheld on wages*
*(a) Wage withholding for income tax purposes*
*(1) In general*

*The amount withheld as tax under chapter 24 shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle.*)

Because Personnel Management Inc. had executed and furnished to the United States "information returns" (W-2s) in connection with each of these years, alleging that Peter had engaged in taxable activity in excess of what he knew and believed to be true (by mischaracterizing his common, private-sector earnings as payments of "wages as defined in section 3401(a)", and "wages as defined in 3121(a)" [of 26 USC]), and had done so in defiance of his written request for accuracy and conformity with the law in this regard, he created and included with the 1040s for those years true and accurate instruments rebutting and correcting those allegations. Peter used forms created, and furnished by the Department of the Treasury for that specific purpose as is evidenced in the form's title:

Form 4852
Substitute for W-2...
Attach to Form 1040, 1040A, 1040EZ or 1040X

...and the text pre-provided on its face:

4.... I have been unable to obtain (or have received an incorrect) Form W-2 ... ...from my employer or payer named below.

The erroneous W-2s were not, of course, included with the 1040s, since to have included them would have caused the assertions upon them to be incorporated into Peter and Doreen's testimony, compromising its accuracy and truthfulness, and rendering the return self-contradictory, and thus statutorily "frivolous" as defined at 26 USC 6702.

Because a person had made allegations concerning payments made to Doreen during 2002 and 2003 on "information returns" (1099MISC) to the effect that such payments were made in connection with the conduct of a "trade or business" as that term is defined in federal revenue law-- which allegations Doreen knew and believed to be untrue-- she created true and accurate rebutting instruments, in accordance with her best understanding of the relevant legal requirements, and guided by Treasury Dept. publications, and included them with the 1040s. The erroneous 1099MISCs were not, of course, included with the 1040s, since to have included them would have caused the assertions upon them to be incorporated into Peter and Doreen's testimony, compromising its accuracy and truthfulness, and rendering the return self-contradictory, and thus statutorily "frivolous" as defined at 26 USC 6702.

We deny the allegations made in the government's complaint, particularly in paragraphs 1, 3, 7, 8, 12, 19, 20, 22, 23, 24, 29 and 31, to the effect that we received refunds of "taxes paid".

We deny the allegations made in the government's complaint, particularly in paragraphs 1, 3, 7, 10, 13, 14, 15, 16, 17, 18, 21, 22, 23, 25, 28, 29, 30, 31, 32, 33, 34 and 35, to the effect that we have done anything "false and/or fraudulent".

We deny the allegations in the government's complaint, particularly in paragraphs 7 and 9 that Peter makes any assertions to the effect that the payment of federal taxes is voluntary; that "wages are not income"; that "only federal workers are required to pay income taxes"; and that "wages and income for federal income tax and withholding purposes means only wages and income of government employees".

We deny the allegations in the government's complaint, particularly in paragraph 7, 18 and 29, to the effect that Peter promotes, advocates, sells, provides or disseminates a "zero-income scheme" or "promotes tax fraud".

We deny the allegations in the government's complaint, particularly in paragraphs 10, 12, 19, 20 and 23, to the effect that lawfully-determined liabilities existed against us for the years 2000 and 2001 to which portions of what we claimed as "overpayments" for 2002 and 2003 were diverted.

We deny the allegations in the government's complaint, particularly in paragraph 1, 7, 10, 13, 14, 15, 16, 17, 18, 21, 22, 23, 25, 27, 28, 29, 30, 31, 32, 33, 34 and 35, that we have not obeyed the law, and assert that the government DID obey the law when it returned our property which had been put into its keeping during 2002 and 2003 against possible tax liabilities which did not, in fact materialize. We further assert that because no liabilities arose during those years the government therefore has no claim whatsoever in regard to those years, and to the extent that this complaint asks the court to coerce from us a revision in the testimony on our 1040s for those years, the government is corruptly endeavoring to have claims created on its behalf, and is itself attempting to evade the tax laws. As Congress specified in the initial enactment of the income tax structure in the Revenue Act of 1862:
*"Sec. 93. And be it further enacted,...that any party, in his or her own behalf,...shall be permitted to declare, under oath or affirmation, the form and manner of which shall be prescribed by the Commissioner of Internal Revenue,... ...the amount of his or her annual income,... liable to be assessed,... and the same so declared shall be received as the sum upon which duties are to be assessed and declared."*

Although modified slightly in its implementation in subsequent enactments, this structure has never changed-- a fact evidenced by the very impermissible remedy the government finds it must invite the court to consider, in this corrupt and convoluted effort to overcome our proper and lawful filings.

It is, in fact, our belief that the government does not actually expect, or even seriously seek, to simultaneously create and enforce claims in regard to our earnings during 2002 and 2003 by means of this action-- if only because the means by which this could be accomplished are simply not available. We know that this honorable court will be appalled at the very suggestion that we should be commanded as to the content of our testimony; further, it is a legal impossibility for a coerced signature on an instrument to have any force and effect.

Instead, what is really going on by this action is a fourth attempt by the IRS to suppress Peter's speech. On the three previous occasions-- two of them in this very district court-- the IRS prosecuted efforts to directly suppress Peter's speaking on his website and by means of his book, 'Cracking the Code- The Fascinating Truth About Taxation In America'. All three of the previous efforts were dismissed, on the government's motions, after being contested. Now, the government is coming back for yet another bite at the same apple-- seeking, through an unconstitutional, mechanically impossible order, and a carefully-orchestrated massive nation-wide media campaign, to discourage those listening to Peter's speech, and to burden, harass and punish us for exercising our rights of speech and due process.

At the same time, this corrupt action is meant to discourage other Americans from exercising their OWN speech and due process rights. This action is calculated to serve as a warning to those other Americans that unless they subserviently adopt whatever testimony is issued on an "information return" by another-- when that testimony happens to favor the government's interests, and whether that other's testimony is accurate or not-- they are at risk of this same treatment.

Affiant: _____
Peter E. Hendrickson

Affiant: _____
Doreen M. Hendrickson

Witness: _____
Kristine Niem,

Sworn and subscribed before me this 2nd day of May, A.D. 2006

_____
Debra Ann Blashfield

DEBRA ANN BLASHFIELD
Notary Public, Oakland County, MI
My Commission Expires Feb 21, 2012
Acting in the County of Oakland

Page 5 of 5