IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 2:06-CV-11753 |
| PETER ERIC HENDRICKSON and DOREEN M. HENDRICKSON, Defendants. | § § § § § | Judge Nancy G. Edmunds |

## DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS AND NOTICE

### BACKGROUND

The Plaintiff has filed a "Brief In Opposition" to our Motions To Dismiss For

Lack Of Jurisdiction and Failure To State A Claim Upon Which Relief Can Be Granted,

Motion For A More Definite Statement, Motion To Strike and Notice Of Violation of

FRCP Rule 11. We reply, but we will spare this honorable Court the need to read

through explicit responses to each and every facile, off-point or misconstrued contention

made by the Plaintiff, or each and every conclusion proposed by the Plaintiff in its brief

based entirely upon assertions for which, glaringly, there continues to be no evidence

presented. Instead, we will address the highlights, as it were, and demonstrate that the

Plaintiff not only fails to respond meaningfully to our Motions, but actually furnishes

support for those Motions.

Plaintiff's brief begins with a wearisome "Statement of the Case", gratuitously

providing itself with a pretext to re-iterate the endless series of prejudicial and

unsupported conclusive assertions made in its complaint. This time the Plaintiff has littered its assertions with references to two sworn statements which it has attached as Exhibits 1 and 2. We will address these 'Exhibits' first.

Plaintiff has filed two "Declarations" as 'exhibits' with its brief, one of Kim Halbrook, a "Human Resources" worker at Personnel Management, Inc, the company for which Peter Hendrickson worked during the years 2002 and 2003; and one of Shauna Henline, an IRS employee. Neither of these declarations actually offers any relevant, meaningful evidence of any kind, with the single and singular exception being that the Defendants' filed return instruments and the Department of the Treasury Certificates of Assessment attached to Shauna Henline's declaration support, and serve as the Plaintiff's stipulation to, the Defendants' contention that no tax relevant to the instant action is, or ever was, due and owing. Indeed, the presentation of, and reliance upon, Halbrook's and Henline's declarations conclusively demonstrates the fact that the Plaintiff has no actual evidence to support its suit; that it is pursuing this action in bad faith; and that it seeks to confuse and mislead this honorable Court into assisting in the working of an injustice.

## REGARDING THE DECLARATION OF KIM HALBROOK

The Declaration of Kim Halbrook, so prominently referenced in the Plaintiff's "Brief In Opposition", constitutes, in relevant part, nothing more than Halbrook's opinions, at best (and probably not even that). Not only is there no reason to presume that she is saying anything more than that Peter Hendrickson worked for Personnel Management and was paid money in return-- both of which facts were asserted in the

affidavit furnished in support of the Defendants' Motions-- but there is every reason to presume that that is all Halbrook is attesting to. Halbrook notably declines to specify that Hendrickson was an "employee as defined in the law", was in "employment as defined in the law", received "wages as defined in the law", or in any other way suggest that her assertions invoke any meaning anything other than that of the common, everyday dictionary meanings of the words she uses, rather than that of the custom, legal definitions of terms such as "employee", "employment" and "wages" in the law. Indeed, her lack of such specificity can only lead one to conclude that she is unaware of this distinction. However, this distinction is of critical importance to the argument the Plaintiff would like to imagine Halbrook's declaration supports. The relevant provisions of law under which entries are made on a W-2 information return do not direct that mere 'payments', or 'money paid' are to be recorded; nor even simply 'wages' in the sense of the dictionary-defined word. Instead, the law specifies that what is to be recorded on a W-2 is the amount paid of "wages as defined at [26 USC] 3401(a)" and "wages as defined at [26 USC] 3121(a)":

> *26 USC § 6051. Receipts for employees*
>
> *a) Requirement*
>
> *Every person required to deduct and withhold from an employee a tax under section 3101 or 3402, or who would have been required to deduct and withhold a tax under section 3402 (determined without regard to subsection (n)) if the employee had claimed no more than one withholding exemption, or every employer engaged in a trade or business who pays remuneration for services performed by an employee, including the cash value of such remuneration paid*

*in any medium other than cash, shall furnish to each such employee in respect*

*of the remuneration paid by such person to such employee during the calendar*

*year, on or before January 31 of the succeeding year, or, if his employment is*

*terminated before the close of such calendar year, within 30 days after the date*

*of receipt of a written request from the employee if such 30-day period ends*

*before January 31, a written statement showing the following:*

   *(1) the name of such person,*

   *(2) the name of the employee (and his social security account number if*

   *wages as defined in section 3121 (a) have been paid),*

   *(3) the total amount of wages as defined in section 3401 (a),*

   *(4) the total amount deducted and withheld as tax under section 3402,*

   *(5) the total amount of wages as defined in section 3121 (a),*

   *(6) the total amount deducted and withheld as tax under section 3101,*

...

*(d) Statements to constitute information returns*

*A duplicate of any statement made pursuant to this section and in accordance*

*with regulations prescribed by the Secretary shall, when required by such*

*regulations, be filed with the Secretary.*

However, even presuming that Halbrook intended to be taken as using the relevant legal

terms rather than the common words they mimic, she would still be offering no more than

unschooled legal opinions as to whether Hendrickson's status was that of an "employee"

as defined in the law; was in "employment" as defined in the law; or received "wages" as

defined in the law. As such, Halbrook's assertions in no way constitute "factual

evidence" of anything other than what opinions Halbrook possibly holds.   Halbrook is entitled to her opinions, of course (as are we all), but her opinions, whatever they might actually be, do not constitute facts.

### REGARDING THE DECLARATION OF SHAUNA HENLINE

The 'Declaration of Shauna Henline' expresses matters of opinion which she is not competent to form, and in regard to which her testimony is therefore meaningless.  To begin with, Henline entirely lacks any personal, first-hand knowledge in regard to Peter Hendrickson's earnings-- particularly in regard to whether those earnings were "wages" as defined at 26 USC 3401(a), and/or were "wages" as defined at 26 USC 3121(a) and were received with respect to "employment" as defined at 26 USC 3121(b).  "Social Security" and "Medicare" withholding, and any related tax liability, are measured by the amount of "wages as defined at 26 USC 3121(a)" received with respect to "employment as defined in section 3121(b):

*26 USC § 3101. - Rate of tax*

*(a) Old-age, survivors, and disability insurance*

*In addition to other taxes, there is hereby imposed on the income of every individual a tax equal to the following percentages of the wages (as defined in section 3121(a)) received by him with respect to employment (as defined in section 3121(b))...*

*...*

*(b) Hospital insurance*

*In addition to the tax imposed by the preceding subsection, there is hereby imposed on the income of every individual a tax equal to the following percentages of the wages (as defined in section 3121 (a)) received by him with respect to employment (as defined in section 3121 (b))...*

Since Henline has no personal knowledge whatsoever as to whether Hendrickson received "wages" as relevantly defined, or received anything in respect to "employment" as relevantly defined, her conclusions as to the correctness of the Defendants' having claimed a refund of amounts withheld in respect to "Social Security" and "Medicare" are meaningless. Not only would such conclusions be legal conclusions, and mere opinions, but without the personal knowledge Henline lacks, she is not even capable of forming such opinions. Without that knowledge, Henline cannot know, or even validly speculate, that any "Social Security" or "Medicare" tax might even possibly have become due and owing. Consequently, every assertion made by Henline with regard to the correctness of what the Defendants' entered on their returns is either outside Henline's personal knowledge, or a mere opinion, or both. It is not necessary to address Henline's views of the propriety of adding the amounts withheld in regard to the "Social Security" and "Medicare" income tax provisions with that withheld under the provisions of 26 USC 3421, and claiming all amounts together as "federal income taxes withheld" on a 1040, which she gratuitously offers at several different places in her declaration. These opinions, which might be valid if a tax had been due and owing, have nothing to do with the circumstances about which Henline opines-- which circumstances she appears to be deliberately misconstruing, and which are, furthermore, outside her knowledge. In any event, opinions on this point are irrelevant. The Plaintiff's burden is that of establishing

that it has (and previously had) a claim to the Defendants' property. Henline's opinions about the protocols under which one reclaims property put into the keeping of the government against the possibility of a governmental claim upon that property which ultimately fails to arise are immaterial as to that issue. Indeed, Henline's opinions as to how a tax return or related document is to be filled out for any purpose are immaterial to the Plaintiff's burden. We will also forego discussing other irrelevancies in Henline's statement, including her selective excerpting of one sentence from '<u>Cracking the Code-The Fascinating Truth About Taxation In America</u>' regarding certain "withholding" provisions in the tax law, while failing to mention that it is drawn from a chapter focused on those particular provisions, and declining to mention the discussion of other "withholding" provisions elsewhere in the book.

## PLAINTIFF ASSERTS THAT "ALLEGED FACTS" MUST BE "ACCEPTED AS TRUE" WITH REGARD TO THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff would have the Court presume, for purposes of considering the Defendants' Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, that all its allegations of facts are to be presumed true. We accept the general principle thus invoked, but contend that to be reasonable and proper, the application of that principle must be confined to allegations of fact which the Plaintiff is personally competent to make. Clearly any fancy that a Plaintiff might dream up, or construct out of the assertions of others, does not constitute an "allegation of fact" as contemplated by this doctrine. Were the standard so expansive, the very concept of "failure to state a claim" would be utterly meaningless. In the alternative, even if "allegations of fact"

made by others are "accepted as true" for this purpose, such allegations-once-removed must also meet the test of being within the competence of the party making them. Furthermore, if "allegations of fact" of other parties than the Plaintiff ARE "accepted as true" for purposes of this consideration, the sworn testimony of the Defendants, which the Plaintiff has explicitly entered into the record of this action by incorporation of the Defendants' tax return documents into its exhibits, should also be taken as true for the same purpose. **Most important of all, however, is that in this particular case not only do the few "facts" competently alleged fail to support the Plaintiff's claim, but the relief sought simply cannot be granted, regardless of any other consideration.**

## REGARDING THE APPLICABILITY OF THE PROVISIONS OF 26 USC 7405

Plaintiff goes to great effort to argue that the amounts withheld from Peter Hendrickson legally constituted "taxes paid" (thereby granting the fact that this distinction is fundamental to the legitimacy of its standing to bring suit). Congress has provided that suit under 7405 can be brought only to recover a TAX "erroneously refunded". However much the government likes to encourage everyone to think of amounts withheld under the provisions codified in Subtitle C of 26 USC as "taxes", by a gratuitous use of that label at every opportunity-- much like the gratuitous characterization of every human being as a "taxpayer" which it similarly engages in at every opportunity-- this is a simple, deliberate lie intended to cloud minds to the truth. As the United States Supreme Court unambiguously observes in reference to such amounts:

*"They are, as it were, payments in escrow. They are set aside, as we have noted,*

*in special suspense accounts established for depositing money received when no*
*assessment is then outstanding against the taxpayer. The receipt by the*
*Government of moneys under such an arrangement carries no more significance*
*than would the giving of a surety bond. Money in these accounts is held not as*
*taxes duly collected are held but as a deposit made in the nature of a cash bond*
*for the payment of taxes thereafter found to be due."* Rosenman v. United States,
323 US 658 (1945)

Without it having ALREADY been established that the property the United States is

seeking to seize by this action was PAID IN AS TAX-- a necessary PRELIMINARY to

which is the establishment that a relevant tax was due and owing-- the United States has

no authority under 26 USC 7405 to bring this suit. The fact is, it HAS ALREADY been

established that Peter and Doreen Hendrickson owed nothing in relevant taxes for the

relevant periods. The government HAS ALREADY acknowledged this, and the Plaintiff

has been so kind as to introduce evidence to this effect into the record by way of Exhibit

2, attachments 1, 2, 3 and 4 furnished with its Brief In Opposition. Plaintiff offers

language from a few lower court cases, arguing that "a tax liability arises, as a matter of

law, as a consequence of receiving income over the course of a particular tax year...", but

this is a cart-pulling-the-horse tautology. Certainly, if it had been established that

"income was received" during the period in question, it could then be said that a

(potential) tax liability had been simultaneously arising. But until it has been established

that "income was received" during the period in question, the arising of a related

potential tax liability cannot be presumed, and this lower court language has no

application. Indeed, it is this very tautology that the Supreme Court disposes of in the

Rosenman ruling. The Plaintiff's effort to confuse the Court with this specious argument appears cunningly calculated to obscure the improprieties of its prayer that the Court command the Defendants to change their return testimony, thus allowing the Plaintiff to characterize the property withheld from the Defendants as having become, upon the execution of the (backdated?) coerced instruments, a "tax paid", and thus, retroactively, making the bringing of a suit under 7405 tenable. This standing-in-a-bucket-and-lifting-yourself-up-by-the-handle ruse is clever, but nothing more than a pointless exercise in corrupt creativity. The Court, regardless of any other consideration, simply cannot command a change in anyone's testimony under any circumstances. Nor, in any event, would such coerced testimony have the legal effect the Plaintiff would require for its contrivance to work, as is pointed out in paragraphs 9, 10, 11 and 12 of our Motion To Dismiss. Coerced testimony (or agreement, endorsement, etc.) has no legal effect. Thus, both because the Court is unable to command the change in testimony which is required to legitimize the Plaintiff's "suit" under 26 USC 7405, and because even if the Court were to entertain the notion, such coerced testimony would STILL not accomplish the legal transformation without which this suit is unauthorized, the Plaintiff's suit is not authorized under 7405, and cannot be made to be.

## REGARDING THE PLAINTIFF'S SPURIOUS STYLING OF THE ACTION AS A COMPLAINT BY THE UNITED STATES OF AMERICA

This "lawsuit" is nothing but an effort by the person known as the "United States" to take property from us by suborning this honorable Court into creating a claim on its behalf which does not otherwise exist. The United States of America have no interest in that process-- on the contrary, their interest here is in seeing that the specifications under

which both the "United States" and this honorable Court were established are upheld to the letter. These specifications include the provisions of the Declaration of Independence, in which are recognized the inalienable rights of men to life, liberty and property; that the sole legitimate purpose of government is to assist Americans in making these rights secure; and that policies, procedures or pretexts which are destructive of these ends-- that is, which interfere with or threaten rights such as the right to property-- are illegitimate. These specifications also include Article 1, Sections 2 and 9, and the First, Fifth, Ninth, Tenth and Thirteenth Articles of Amendment of the Constitution for the United States of America. Furthermore, their inapplicability in the instant case notwithstanding, the statutes invoked by the Plaintiff specify that relevant actions are to be taken cognizance of at the instance of the "United States", and are to be brought in the name of the "United States"-- not the "United States of America":

*28 USC § 1345*

> *Except as otherwise provided by Act of Congress, the district Courts shall have original jurisdiction of all civil actions, suits or proceedings commenced* ***by the United States****, or by any agency or officer thereof expressly authorized to sue by Act of Congress.*

*26 USC § 7402*

> *(a) To issue orders, processes, and judgments*
>
> *The district Courts of the United States* ***at the instance of the United States*** *shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such*

*judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies **of the United States** in such Courts or otherwise to enforce such laws.*

*(b) To enforce summons*

*If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district Court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.*

*(c) For damages to **United States** officers or employees*

*Any officer or employee of **the United States** acting under authority of this title, or any person acting under or by authority of any such officer or employee, receiving any injury to his person or property in the discharge of his duty shall be entitled to maintain an action for damages therefor, in the district Court of the United States, in the district wherein the party doing the injury may reside or shall be found.*

*[(d) Repealed. Pub. L. 92-310, title II, §□230(d), June 6, 1972, 86 Stat. 209]*

*(e) To quiet title*

*The United States district Courts shall have jurisdiction of any action **brought by the United States** to quiet title to property if the title claimed*

by the United States to such property was derived from enforcement of a
lien under this title.

(f) General jurisdiction

For general jurisdiction of the district Courts of the United States
in civil actions involving internal revenue, see section 1340 of title
28 of the United States Code.

26 USC § 7405

(a) Refunds after limitation period

Any portion of a tax imposed by this title, refund of which is erroneously
made, within the meaning of section 6514, may be recovered by civil
action brought **in the name of the United States.**

(b) Refunds otherwise erroneous

Any portion of a tax imposed by this title which has been erroneously
refunded (if such refund would not be considered as erroneous under
section 6514) may be recovered by civil action brought **in the name of the
United States.**

...

(emphasis added)

Considering the foregoing explicit statutory language, and the Plaintiff's insistence that
there is no legally meaningful difference between the "United States" and the "United
States of America", we fail to understand why the Plaintiff so vociferously argues this
point. We repeat our prayer that the Court to require the Plaintiff to accord the words of
Congress their proper due, and amend its complaint accordingly.

## FINALLY, REGARDING PLAINTIFF'S CONTINUING FAILURE TO CLARIFY ITS CLAIM FOR INJUNCTIVE RELIEF

As best we can make out, Plaintiff is continuing to assert a claim to injunctive relief against nothing more than our declining to adopt the testimony of others as our own. We continue to fail to understand how this constitutes an offense in regard to which jurisdiction under 26 USC 7402(a) can be invoked. Testifying to the best of OUR knowledge and belief is our obligation, both morally and under the law. It is our right, as well. Not only can our doing so NOT constitute an offense of any kind, but for us to do otherwise WOULD be a crime. On the other hand, any effort to hinder, burden or punish us in any way for testifying as to the best of OUR knowledge and belief IS a crime, both morally and in the eyes of the law; and an effort on the part of the Plaintiff to evade the relevant provisions of the income tax laws.

Dated this the 5th day of June, 2006

Respectfully submitted

Peter Eric Hendrickson

Doreen M. Hendrickson
232 Oriole Rd.
Commerce Twp, Michigan 48382
(248) 366-6858

## CERTIFICATE OF SERVICE

I hereby certify that on *June 5th, 2006,* a true and correct copy of the above and foregoing document was served on the Plaintiff as listed below by First Class Mail to:

Robert D. Metcalfe
Trial Attorney Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044


Peter Eric Hendrickson