UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No.  06-11753

Plaintiff,

v.

District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

PETER ERIC HENDRICKSON and
DOREEN M. HENDRICKSON,

Defendants.

_____ /

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Peter and Doreen Hendrickson's *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(1) and 12(b)(6), as well as motion for relief under Rules 9(b), 12(f), and 11, filed on May 2, 2006 [Docket #4]  which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, I recommend that Defendants' motions be DENIED.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the present suit on April 12, 2006 for recovery of "erroneous tax refunds," further requesting that the district court permanently enjoin Defendants from filing "false and fraudulent tax returns and forms with the Internal Revenue Service."  The complaint states that Peter Hendrickson, with his wife Doreen, filed a joint tax return which

falsely stated that they received no wages or salaries for 2002 and 2003, despite the fact that Hendrickson's W-2 Wage and Tax Statements for those years shows that he earned $58,965 and $60,608 respectively. *Complaint*, ¶14. Plaintiff asserts that Defendant's erroneous belief that his earnings were not taxable is premised on the fact he is not an employee of the federal government and therefore not required to pay federal income taxes. *Id*. at ¶9.

Defendants' present motion seeks dismissal, arguing that Plaintiff has failed to state a claim upon which relief may be granted as well as on jurisdictional grounds. *Docket* #4, ¶¶1-14. Alternatively, pursuant to Fed. R. Civ. P. 9(b), Defendants ask the Court to require Plaintiff to particularize the complaint's allegations of fraud. *Id*. at 15-16. Defendants also move to strike "paragraphs and words" from the complaint that they deem "irrelevant, immaterial impertinent, scandalous and without any basis in law or fact." *Id*. at ¶18; Fed. R. Civ. P. 12(f). Finally, Defendants request Fed. R. Civ. P. 11 sanctions on the basis that the complaint against them contains false representations. *Id.* at ¶¶19-21.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416,

419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III.  ANALYSIS

#### A.  Jurisdiction

Defendants contend that this Court is without jurisdiction to hear Plaintiff's case, asserting that they "have no knowledge of any statute, rule, regulation or other provision of law that would permit suit against them by an entity known as 'United States of America.'" *Docket* #4, ¶1.  Defendants dispute Plaintiff's characterization of the tax refund in question as "erroneous," maintaining instead that "there was no tax liability for the years 2002 and 2003," therefore "any funds returned to Defendants were not a 'refund of tax,' but quite simply a return of their own property." *Id.* At ¶7.  On a related note, Defendants contend that the government's case against them is subject to Fed. R. Civ. P. 12(b)(6) dismissal since this Court "is without jurisdiction to grant [injunctive] relief, " alleging further that  they filled out their 1040 forms for the years in question to the "best of [their] knowledge and belief." *Id.* at ¶¶8-14.

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction.  "Where subject matter jurisdiction is challenged pursuant to 12(b)(1),

the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.,* 287 F.3d 568, 573 (6th Cir. 2002). However, "[w]hen a 12(b)(1) motion attacks the face of a complaint, the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous." *Musson Theatrical, Inc. v. Federal Exp. Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1996). "Specifically, the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Michigan Southern R.R. Co.,* 287 F.3d at 573; *Musson Theatrical, Inc.,* 89 F.3d at 1248 (internal citations omitted).

Plaintiff has established beyond peradventure that this Court enjoys subject matter over this action under 28 U.S.C. ¶¶ 1340 and 1345 as well as IRC ¶¶7402(a) and 7405. Defendants' contention that they are not subject to suit by Plaintiff has been soundly rejected by numerous courts. *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984), deemed this type of argument "wholly frivolous," pointing out that "Congress has vested in the district court jurisdiction over 'any case commenced by the United States', 28 U.S.C. § 1345, and specifically 'to render such judgments and decrees as may be necessary or appropriate for the enforcement of the Internal Revenue laws'" *Id.* at 563; 26 U.S.C. § 7402(a).

Moreover, as noted by Plaintiff, Defendants' purported reliance on a distinction between "United States of America" and "United States" does shield them from the present suit. The court in *United States v. Furman*, 168 F. Supp.2d 609, 613-614 (E.D. La. 2001), denying the defendant's petition for abatement, found that despite the reference in Article III section 1 to the judicial power of the *United States,* "'not the judicial power of the 'United

-4-

States *of America*' . . . . [the defendant] was aware of the true identity of his prosecutor, irrespective of whether it referred to itself as the 'United States or the 'United States of America.'" *Id*; U.S.C.A. Const. Art. III § 1 (emphasis in original). Defendants' additional argument that they filled out their tax form to the "best of [their] knowledge and belief" also fails to present grounds for dismissal. Their unilateral belief that they are not obligated to pay income tax stands unsupported by precedent or scholarly interpretation of the law. *See Fromson v. U.S.,* 32 Fed.Cl. 1, 11 (Fed.Cir.1994) (denying relief on the basis that "subjective beliefs were not reasonable as a matter of law"). Assuming for the sake of argument that Defendants hold a sincere and good-faith belief that they need not pay income tax, this belief is not objectively reasonable. *See Doyle v. Oklahoma Bar Ass'n,* 998 F.2d 1559, 1569 -1570 (10th Cir. 1993) ("An abstract desire or unilateral hope do[es] not establish a protected interest"). Likewise, Defendants' belief that their refusal to acknowledge the existence of the "United States of America" allows them to skirt their tax obligations fails as a matter of law for its lack of reasonableness.

### B. Fed. R. Civ. P. 12(e)

Next, Defendants argue that Plaintiff should be required to submit a more definite statement, contending that the "complaint is so vague and ambiguous that Defendants cannot reasonably be required to frame an answer." Docket #4, ¶¶15-16. Citing Fed. R. Civ. P. 9(b), Defendants assert that the complaint's allegations of fraud should be stated "with particularity." *Id.*; Fed. R. Civ. P. 12(e).

While generally, "Fed.R.Civ.P. 8(a) requires only a short and plain statement of the

claim . . . sufficient to put the defendant(s) on notice of the claim against them[,] Rule 9(b) requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Rankin v. Rots,* 278 F.Supp.2d 853, 865 (E.D.Mich.2003)(internal citations omitted). "In such a situation . . . the rules contemplate a repleader, not a dismissal" pursuant to Fed.R.Civ.P. 12(e). *Pelletier v. Zweifel* 921 F.2d 1465, 1492 (11th 1991). Rule 12(e) allows that "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

While Defendants state correctly that allegations of fraud demand a heightened level of pleading beyond the usual "notice" standard, the Court notes that Plaintiff's allegations of fraud found in ¶¶13-18, 21, 23, 25, 27, 28, 31 of its original complaint, which by itself states the allegations of fraud with adequate particularity, have been amended further in Plaintiff's response to the present motion to include an even more comprehensive description of each of its fraud allegations. *See* Docket #6.

For example, page 6, ¶8 states that "[Defendants] reported 'zero' or no wages or salaries on line 7 of their 2002 tax return. On line 62 of their 2002 return, they reported, incorrectly, federal income tax withheld from Forms W-2 and 1099 of $10,152.96." *Id*. Pages 5-10 of Plaintiff's response detail the alleged frauds upon the government in similarly explicit detail . Plaintiff has provided an abundance of information to support its allegations of fraud and Defendants' motion for a more definite statement should be denied. *See*

*Stromillo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 54 F.R.D. 396, 397 (E.D.N.Y. 1971)(rejecting the defendant's motion for a more definite statement under 9(b) for the reason that "averments of fraud" had been "particularized to the point . . . . that nothing is left to the imagination; the level of abstraction is as low as it is possible to get without erring on the side of verbosity").[1]

### C.  Fed. R. Civ. P. 12(f)

Defendants request further that the Court strike "pejorative," "frivolous," and "fraudulent and misleading words" from the  complaint on the basis that the objectionable terms were used "solely to malign the Defendants and inflame the passions . . . of any person who happens to read the complaint." Docket #4, ¶¶17-18.   Defendants take issue with the complaint's use of the word "bogus" to describe their political views and the characterization of their informational website as " tax fraud promotional materials." *Id.*

Fed. R. Civ. P. 12(f) states in pertinent part that upon motion of a party, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Sixth Circuit has held that "the action of striking a pleading should be used sparingly by the courts" and should be used "only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the

---

[1]Further, pursuant to IRC §6532(b), the two-year statute of limitations would bar the present action in the absence of "fraud or misrepresentation of a material fact."  The presence of fraud allegations extends the statute of limitations to five years.  Plaintiff is therefore required to allege fraud to preserve its claim.

controversy." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953).  "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Management Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001); 5A  Charles Alan Wright & Arthur R. Miller *, Federal Practice & Procedure* § 1380, 647 (2d ed.1990).

Plaintiff's use of colloquialisms such as "bogus" (interpreted by the Court to mean without merit, or fraudulent) and its use of the word  "brag" to describe Defendants' website material does not justify a Fed. R. Civ. P. 12(f) remedy.  "For purposes of 12(f), a scandalous pleading must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language', or 'detract from the dignity of the court.'" *Core Leasing, Inc. v. American Airlines, Inc*. 1990 WL 92562, *5 (E.D.Pa. 1990); *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984).  "[N]on-neutral allegations will invariably be found in pleadings. They represent good advocacy, and are not a proper basis for a motion to strike." *Willson v. Cagle*, 711 F.Supp. 1521, 1535 (N.D.Cal.,1988).[2]

### D.  Fed. R. Civ. P. 11 Sanctions

Last, Defendants request sanctions on the basis that the complaint against them

---

[2]*But see RDF Media Ltd. v. Fox Broadcasting Co.,* 372 F.Supp.2d 556, 567 (C.D.Cal. 2005) in which the court struck a pleading describing an alleged copyright infringement as "rush-job rip-off." While "bogus" is not the most dignified choice of adjectives, the Court is disinclined to strike a word plainly synonymous with the word "fraud," which is used repeatedly in the complaint.

contains false representations.   *Docket #4*, ¶¶19-21. "Sanctions are appropriate when 'an attorney intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings.'"*Legair v. Circuit City Stores, Inc*. 2007 WL 98085, *3 (6th Cir. January 12, 2007); *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir.2006)(internal citations omitted).   In the absence of evidence showing that the government has made deliberately false representations or otherwise abused the judicial process, Defendants' motion should be denied.

## IV.   CONCLUSION

For the reasons set forth above, I recommend that Defendant's motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) be DENIED.  Further, Defendants' request for relief under Fed. R. Civ. P. 9(b), 12(f), and 11 should be DENIED.

Any objections to this Report and Recommendation  must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).   Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R.Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

February 5, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 5, 2007.

S/G. Wilson
Judicial Assistant

-10-