UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No.  06-11753

Plaintiff,

v.

District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

PETER ERIC HENDRICKSON and
DOREEN M. HENDRICKSON,

Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff United States of America's *Motion for Summary Judgment* under Fed. R. Civ. P. 56(c) [Docket #9], filed July 13, 2006, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, I recommend that, because Defendants' 2002 and 2003 tax returns and Form 4852 for both years contained misrepresentations of material fact,

1.  Plaintiff's motion be GRANTED as to recovery, with interest, of the erroneously issued refunds in the amount of $20,380.96.

2.  Plaintiff's motion as to the request for injunctive relief, enjoining Defendants from "filing any tax return or amended return with the IRS that is based on the claim that only federal, state or local government workers are liable for the payment of income tax or subject

-1-

to the withholding of federal income, social security and Medicare taxes from their wages under the internal revenue laws" be GRANTED.

3.   The finding that Plaintiff should recover erroneously issued refunds, plus interest, originally issued to Defendants for the tax years 2002 and 2003, obviates the need to require Defendants to file corrected amended Form 1040 tax returns for the 2002 and 2003 tax years. Therefore, that portion of Plaintiff's request for injunctive relief should be DENIED AS MOOT.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the present suit on April 12, 2006 for recovery, with interest, of "erroneous refunds of federal income, social security and Medicare taxes," for a total of $20,380.96.  *Complaint*, ¶1.  Plaintiff alleges that Peter Hendrickson, with his wife Doreen, filed a joint tax return which falsely stated that they received no wages or salaries for 2002 and 2003, despite the fact that Hendrickson's W-2 Wage and Tax Statements for those years shows that he earned $58,965 and $60,608 respectively.  *Id*., ¶14.

Plaintiff also requests that the district court permanently enjoin Defendants from filing "false and fraudulent tax returns and forms with the Internal Revenue Service," further requesting that Defendants be required to file corrected federal income tax returns for the 2002 and 2003 tax years. *Complaint* at 10.

Plaintiff's present motion, filed on July 13, 2006, alleges that during 2002 and 2003, PersonnelManagement, Inc., a company located in Farmington Hills, Michigan, paid Defendant Peter Hendrickson a salary during 2002 and 2003.  According to his 2002 Form

W-2,  Hendrickson earned taxable wages of $58,965, with $5,642.20 withheld in income

taxes; $3,655.83 in social security taxes; and $854.93 in Medicare taxes. *Docket #9*, Exhibit

1. The Form W-2 for tax year 2003 indicates that Hendrickson received $60,608.00 for that

year with income taxes of $5,620.02, social security taxes of $3,757.60, and Medicare taxes

of $878.72. *Id*.

In August, 2003, Defendants filed a joint U.S. Individual Income Tax Return for tax

year 2002 reporting "zero" wages. *Docket #9*, Exhibit 2, Attachment 1.  Defendants attached

a Form 4852 ("substitute for Form W-2 Wage and Tax Statement")  reporting that he had

received no wages for 2002, but apparently citing Defendant Peter Hendrickson's W-2 form,

which stated that $5,642.20 had been withheld in income taxes; $3,655.83 in social security

taxes, and $854.93 in Medicare taxes.  *Id*. at Exhibit 1, Attachment 1; Exhibit 2, Attachment

1. Defendant Peter Hendrickson included the following explanation for his failure to produce

a form W-2:

> "Request, but the company refuses to issue forms correctly listing payments
> of 'wages as defined in 3401(a) and 3121(a)' for fear of IRS retaliation.  The
> amounts listed as withheld on the W-2 it submitted are correct, however."

*Id.* Line 70 of Defendants' 2002 Form 1040 states that they had  overpaid their 2002 federal

tax liabilities by $10,152.96, equaling the amount withheld by Peter Hendrickson's employer.

*Id.* at Exhibit 2, Attachment 1.  Plaintiff states that intially, the IRS erroneously treated the

$10,152.96 as a tax overpayment, and on April 15, 2003 applied the "overpayment" to

Defendants' various pre-existing federal tax liabilities for the years 2000 and 2001.  *Id*. at

Exhibit 2, Attachment 3.

Likewise, Defendants reported no wages for 2003, with an adjusted gross income of $286.14 for a total tax of $28.34, again attaching a Form 4852 to their federal tax return indicating $10,256.34 taken out of Peter Hendrickson's paycheck in federal income taxes, social security taxes, and Medicare taxes. Docket #9, Exhibit 2, Attachment 2. Defendants submitted their tax return requesting a refund of $10,228.00, reflecting the amount withheld by Defendant Peter Hendrickson's employer, minus $28.34. On April 15, 2004, the IRS applied a credit of $5,551.44 to Peter Hendrickson's unpaid 2000 federal income tax liabilities. *Id.* at Exhibit 2, Attachment 4. Credits of $515.66, $553.17, and $529.18 were applied to IRC § 6702 penalties assessed against Defendants. *Id.* On October 4, 2004, the IRS issued a refund check in the amount of $3,172.30. *Id.*

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element

-4-

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III.  ANALYSIS

### A.  Tax Refunds

Pursuant to IRC § 7405,  Plaintiff contends that it is entitled to recover its erroneously issued tax refunds or credits of $20,380.96,  plus interest, for tax years 2002 and 2003. Citing the affidavit of Kim Halbrook, the human resources manager at Personnel Management, Inc., Plaintiff submits that in the absence of factual disputes, it is entitled to judgment as a matter of law. *Docket #9* at 13; Exhibit 1.

In *United States v. Wurts,* 303 U.S. 414, 415, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938), the Court held that "[t]he Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid."  Further, IRC § 7405(b) (26 U.S.C § 7405) directs that "[a]ny portion of a tax imposed by this title which has been erroneously refunded . . . may be recovered by civil action brought in the name of the United States." The Sixth Circuit has held that "[b]y its plain language, [IRC §7405] allows the United States to recover refunds that the IRS makes by mistake." *U.S. v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992); *Beer v. Commissioner,* 733 F.2d 435 (6th Cir.1984).

In the absence of any genuine issues of material fact, Plaintiff is entitled to judgment as a matter of law along with interest from the date of the erroneously issued refunds.  IRC

§ 6602.[1]   Plaintiff has submitted affidavits by the payroll/human resource manager for
Personnel Management, Inc., which states that the company paid Defendant Peter
Hendrickson a salary in 2002 and 2003, reflected in accompanying Forms W-2 which
indicate wages of $58,965 for 2002 and $60,608 for 2003.  *Docket* #9, Exhibit 1, Attachment
1.  Next, an affidavit by Shauna Henline, a technical advisor for the IRS states "the IRS
received [Defendants'] 2002 Form 1040 on August 25, 2003," reporting "zero" wages for
2002 but nonetheless claimed $10,152.96 in refunds.  *Id.* at Exhibit 2, ¶4.  The same exhibit
also includes  Form 4852 which Defendants attached to their return in which they claim that
their failure to submit a W-2 was due to  Personnel Management, Inc.'s "refus[al]" to submit
a "correct[]" W-2.  *Id*. at Exhibit 2, Attachment 1.  Exhibit 2, Attachment 3 shows that on
April 15, 2003, the $10,152.96 claimed by Defendants was credited to outstanding federal
tax liabilities from previous years.

Likewise for tax year 2003, Shauna Henline states that Defendants' Form 1040
reports "zero" income, but claims the $10,256.34 withheld by Peter Hendrickson's employer,
minus $28.34 owed on Defendant Doreen Hendrickson's 2003 income *Id.* at Exhibit 2, ¶¶10-
11. Once again, Defendants submitted a Form 4852 stating that Personnel Management, Inc.
had  failed  to  supply  them  with  an  accurate  W-2.   *Id.* at Exhibit 2, ¶12.   Exhibit 2,

---

[1]"Any portion of an internal revenue tax (or any interest, assessable penalty, additional
amount, or addition to tax) which has been erroneously refunded, and which is recoverable
by suit pursuant to section 7405, shall bear interest at the underpayment rate established
under section 6621 from the date of the payment of the refund."

Attachment 4 shows that Plaintiff received $10,256.34 on April 15, 2004, which was applied to existing tax liabilities ($5,551.44), and three frivolous return penalties against Defendants in the amounts of $515.66, $553.17, and $529.18.  *Id*. at Exhibit 2, ¶16;  Exhibit 2, Attachment 4 shows that the balance of the claimed "refund" was issued to Defendants in the amount of $3,172.30 on October 4, 2004.

Defendants do not deny that they filed 2002 and 2003 returns claiming  $10,152.96 and $10,228 respectively, further acknowledging that these amounts were either applied to earlier tax liabilities or submitted to them by check.  Instead, the Hendricksons make a number of arguments contesting this Court's jurisdiction, disputing the government's use of the word "taxpayers" to describe them (*Docket* #13 at 2), and raising unsupported attacks on the credibility of Plaintiff's affiants.  Defendants' other fanciful arguments against the government's recovery of the erroneously issued funds need not be enumerated, other than to say that they are "among an array of shopworn and quixotic arguments, having currency among so-called 'tax protestors,' but without any support in the law." *Spencer v. Social Security Administration,* 2006 WL 695782 *3 (E.D.Mich.2006).[2]

---

[2]Plaintiff also requests a finding that the erroneous refund action was induced by fraud.  The presence of "fraud or misrepresentation of a material fact," extends the two-year statute of limitations of IRC §6532 to five years. Defendants, parsing the words "fraud" and "fraudulent," argue that their claims were non-fraudulent, premising this argument on the the affidavit of Shuana Henline which refrains from describing Defendants' activity as "false or fraudulent."  *Docket* #13 at 8; Docket #9, Exhibit 2.  However, Defendants' 2002 and 2003 tax returns stating "zero" income stands at odds with the information found on Peter Hendrickson's Form W-2 for those years.  Further, although Defendants' failed to attach the Forms W-2 to their tax returns, they claimed the monies "due" to them based on the amount of withholding indicated on those forms.   These actions alone, clearly misrepresentations

When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000). In this case, no rational trier of fact could possibly find for the Defendants. Rather, the evidence is "so one-sided that [the Plaintiff] must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 251-52

### B. Injunctive Relief

Citing IRC § 7402(a), Plaintiff requests the following equitable relief prohibiting Defendants from

> "filing any tax return or amended return with the IRS that is based on the claim that only federal, state or local government workers are liable for the payment of income tax or subject to the withholding of federal income, social security and Medicare taxes from their wages under the internal revenue laws"

*Docket #9* at 19. Plaintiff further contends that

> "Defendants should also be required, within a reasonable period of time, to file corrected amended Form 1040 tax returns for the 2002 and 2003 tax years with the IRS that report (1) the wages of $58,965 and $60,608 that Peter Hendrickson received from his employer, Personnel Management, Inc. in 2002 and 2003 respectively; and (2) the non-employee compensation of $3,773 and $3,188 that Doreen Hendrickson received from her employer in 2002 and 2003, respectively."

---

of  material fact, cannot be mitigated by far-fetched interpretations of constitutional and statutory law. IRC § 6532(b).

*Id.* at 19-20.

"An action to recover a tax refund [under § 7405] is an action for restitution." *United States v. Russell Mfg. Co.,* 349 F.2d 13, 16  (2d Cir.1965).   Moreover, IRC §7402(a), "[i]n addition to authorizing writs and orders ancillary to civil actions . . .gives the district courts jurisdiction to issue 'such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.'" *United States v. First National City Bank,* 568 F.2d 853, 855-856 (2nd Cir.1977) ; 28 U.S.C. § 1651 (1970).  *See also U.S. v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984) "The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws. . . . It has been used to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute." *Id.* (internal citations omitted).

Evidence of Defendants' deliberate misstatements contained in Form 1040 and Form 4852 for tax years 2002 and 2003 establishes the need for a permanent injunction enjoining such activity.   That need is compounded by the fact that Defendants not only falsified their own income tax returns, but continue to encourage others to follow their lead, as stated on a website operated by Defendant Peter Hendrickson.   Thus, Defendants' actions impose an immediate and irreparable injury on the United States by impeding, impairing and obstructing the assessment and collection of federal taxes.  The Court agrees with Plaintiff's additional argument that the need for injunctive relief is further demonstrated by Peter

-9-

Hendrickson's 1992 conviction for willfully failing to file an income tax return. *Docket* #9 at 19, fn 6.

Accordingly, the district court should grant Plaintiff's request to enjoin Defendants from "filing any tax return or amended return with the IRS that is based on the claim that only federal, state or local government workers are liable for the payment of income tax or subject to the withholding of federal income, social security and Medicare taxes from their wages under the internal revenue laws." *In re Dow Corning Corp.* 280 F.3d 648, 657 -658 (6th Cir. 2002); *United States v. First National City Bank, supra*, 568 F.2d at 855-856; *See also U.S. v. Hill,* 2005 WL 3536118, *9  (D.Ariz. 2005) (Permanently enjoining Defendants from "[e]ngaging in . . . conduct that they know will interfere with the administration and/or enforcement of the internal revenue laws.")

As discussed above, "the broad range of powers" contemplated by IRC § 7402(a) encompass Plaintiff's request to require Defendants to amend their 2002 and 2003 tax returns to reflect the information shown on Form W-2 for those years.  However, in light of this Court's finding that Defendants are liable for the funds erroneously issued for those tax years plus interest, requiring Defendants to submit corrected tax returns would be superfluous; thus that portion of Plaintiff's request for injunctive relief should be denied as moot.

## IV.   CONCLUSION

For the reasons set forth above,  I recommend that:

1.  Plaintiff's motion be GRANTED as to recovery, with interest, of the erroneously

-10-

issued refunds in the amount of $20,380.96, and that judgment enter in that amount in favor of the Plaintiff.

2. Plaintiff's motion as to the request for injunctive relief, enjoining Defendants from "filing any tax return or amended return with the IRS that is based on the claim that only federal, state or local government workers are liable for the payment of income tax or subject to the withholding of federal income, social security and Medicare taxes from their wages under the internal revenue laws" be GRANTED.

3. Plaintiff's request for injunctive relief requiring Defendants to file corrected amended Form 1040 tax returns for the 2002 and 2003 tax years should be DENIED AS MOOT.

Any objections to this Report and Recommendation  must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

-11-

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        S/R.  Steven Whalen
                                        R.  STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated:  February 8, 2007


                          CERTIFICATE OF SERVICE


The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 8, 2007.


                                        S/G. Wilson
                                        Judicial Assistant