UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs.-                                     Civil Action No. 06-11753
                                          Hon. Nancy G. Edmunds

PETER ERIC HENDRICKSON and
DOREEN M. HENDRICKSON,

        Defendants.
_____/

**AMENDED JUDGMENT AND ORDER OF PERMANENT INJUNCTION [23, 24]**

Upon consideration of Plaintiff's Motion to Amend Judgment, and any response thereto, good cause appearing, it is hereby

ORDERED, that Plaintiff's Motion to Amend Judgment is GRANTED; and it is ADJUDGED and ORDERED that Defendant Peter Hendrickson and Defendant Doreen Hendrickson, (collectively, "Defendants") are jointly indebted to Plaintiff for erroneous refunds for the 2002 and 2003 tax years as shown below:

<u>2002 Tax Year</u>

$10,152.96, plus interest accruing on the amounts of the erroneous refunds or credits from April 15, 2003, pursuant to 26 U.S.C. §§ 6602 and 6621(a)(2) until paid.

<u>2003 Tax Year</u>

$7,055.70, plus interest accruing on the amounts of the erroneous refunds or credits from April 15, 2004, pursuant to 26 U.S.C. §§ 6602 and 6621(a)(2) until paid.

$3,172.30, plus interest accruing on the amounts of the erroneous refunds or

credits from October 4, 2004, pursuant to 26 U.S.C. §§ 6602 and 6621(a)(2) until paid.

## **PERMANENT INJUNCTION**

In accordance with Rule 65 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and sets forth the following conclusions of law.

1.  Plaintiff commenced this action on April 12, 2006, to recover the federal income tax refunds made to Defendants for the 2002 and 2003 tax years, and to obtain a permanent injunction (1) requiring Defendants to amend their 2002 and 2003 federal income tax returns; and (2) prohibiting Defendants from filing or continuing to file federal income tax returns that falsely claim that they received "zero" or no taxable income.

2.  Defendants are residents of Commerce Township, Michigan, within this judicial district, and were properly served with process on April 12, 2006.

3.  During 2002 and 2003, Defendant Peter Hendrickson was employed by Personnel Management, Inc., and earned wages of $58,965 and $60,608, respectively, during those years.

2002 tax year

4.  As required by law, Defendant Peter Hendrickson's employer withheld federal income taxes ($5,642.20), social security taxes ($3,655.83) and Medicare taxes ($854.93) from his wages in 2002 and paid over those amounts to the IRS.  Also, as required by law, Mr. Hendrickson's employer issued him a Form W-2 Wage and Tax Statement that correctly reported his wages and those withholdings.

5.  Defendant Doreen Hendrickson received $3,773.00 in non-employee compensation from Una E. Dworkin in 2002.  As required by law, Dworkin provided her with a Form 1099 that correctly reported this non-employee compensation.

6. Defendants' 2002 Form 1040 tax return, which was filed with the IRS in August of 2003, falsely reported "zero" wages on line 7.  An IRS Form 4852 attached to the return falsely reported that Defendant Peter Hendrickson received no wages during 2002.  The Form 4852 did report that federal income taxes ($5,642.20), social security ($3,655.83) and Medicare taxes ($854.93) totaling $10,152.96 had been withheld from his wages during 2002.

7. Defendant Peter Hendrickson also claimed on his Form 4852 that he had asked his employer to "issue forms correctly listing payments of 'wages as defined in [sections] 3401(a) and 3121(a),' but that his company had refused for 'fear of IRS retaliation.'"

8. Defendants requested, on line 70 of their joint 2002 tax return, a refund of the $10,152.96 in federal income, social security, and Medicare taxes that had been withheld from Defendant Peter Hendrickson's wages during 2002.

9. Because Defendants reported that they had no income, the IRS, unaware that Defendants' report was false, treated the withheld federal taxes as a tax overpayments and applied them on April 15, 2003 to (1) Defendant Doreen Hendrickson's unpaid 2000 tax liability ($1,699.86); and (2) the outstanding tax balances owed by Defendant Peter Hendrickson for 2001 ($6,521.11) and 2000 ($1,931.99).

10. The refunds or credits described above were erroneous within the meaning of IRC § 7405(b).  Defendants were not entitled to refunds of federal income taxes for 2002 because their federal income tax liability for that year – $6,327.00 – exceeded the amount of the federal income taxes withheld from Defendant Peter Hendrickson's

wages by his employer ($5,642.20), which constituted the only tax payments made by Defendants in 2002.  Furthermore, Defendants were not entitled to a refund, under any circumstances, of the social security and Medicare taxes that had been withheld from Defendant Peter Hendrickson's wages during 2002.

### 2003 tax year

11.   As required by law, Defendant Peter Hendrickson's employer withheld federal income taxes ($5,620.02), social security taxes ($3,757.60) and Medicare taxes ($878.72) from his wages in 2003 and paid over those amounts to the IRS.  Also, as required by law, Mr. Hendrickson's employer issued him a Form W-2 Wage and Tax Statement that correctly reported his wages and those withholdings.

12.   Defendant Doreen Hendrickson received $3,188.00 in non-employee compensation from Una E. Dworkin in 2003.  As required by law, Dworkin provided her with a Form 1099 that correctly reported this non-employee compensation.

13.   Defendants' 2003 Form 1040 tax return falsely reported "zero" wages on line 7.  An IRS Form 4852 attached to the return reported that Defendant Peter Hendrickson received no wages during 2003.  The Form 4852 did report that federal income taxes ($5,620.02), social security ($3,757.60) and Medicare taxes ($878.72) totaling $10,256.34 had been withheld from his wages during 2003.

14.   Defendant Peter Hendrickson also claimed on his Form 4852 that he had asked his employer to "issue forms correctly listing payments of 'wages as defined in [sections] 3401(a) and 3121(a),' but that his company had refused for 'fear of IRS retaliation.'"

15.   Defendants requested, on their joint 2003 tax return, a refund of the

$10,228.00 in federal income, social security, and Medicare taxes that had been withheld from Defendant Peter Hendrickson's wages during 2003.

16. Because Defendants reported that they had no income, the IRS, unaware that Defendant's report was false, treated the withheld federal taxes as tax overpayments and applied them on April 15, 2004 to (1) Defendant Peter Hendrickson's unpaid 2000 tax liability ($5,551.44); and (2) three frivolous return penalties that had been assessed against Defendants under IRC § 6702 ($515.66, $553.17 and $529.18). The IRS also sent a refund check sent to Defendants on October 10, 2004 in the amount of $3,172.30.

17. The refunds or credits described above were erroneous within the meaning of IRC § 7405(b). Defendants were not entitled to refunds of federal income taxes for 2003 because their federal income tax liability for that year – $6,061.00 – exceeded the amount of the federal income taxes withheld from Defendant Peter Hendrickson's wages by his employer ($5,620.02), which constituted the only tax payments made by Defendants in 2003. Furthermore, Defendants were not entitled to a refund, under any circumstances, of the social security and Medicare taxes that had been withheld from Defendant Peter Hendrickson's wages during 2003.

18. Defendants contend that their Forms 4852, as described above, accurately reported that they received no wages or other compensation in 2002 and 2003. Defendants base their contention on theories contained in a book entitled <u>Cracking the Code</u>, which was written by Defendant Peter Hendrickson. On page 76 of <u>Cracking the Code</u> ("<u>CtC</u>"), Defendant Peter Hendrickson, states "So, actually, withholding only applies to the pay of federal government workers, exactly as it always has (plus 'State'

government workers, since 1939, and those of the District of Columbia since 1921)."

19.  Defendants' contention that withholding applies only to government workers is frivolous and false.  *See, e.g., Sullivan v. United States,* 788 F.2d 813, 815 (1st Cir. 1986); *United States v. Latham,* 754 F.2d 747, 750 (7th Cir. 1985); (contention that "under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute."); *O'Connor v. United States,* 669 F. Supp. 317, 322 (D. Nev. 1987).  Defendant Peter Hendrickson was an employee of Personnel Management, Inc. in 2002 and 2003 within the meaning of IRC § 3401(c).  Defendant Peter Hendrickson's employer properly withheld federal income and employment taxes from his wages.

20.  In addition to the monetary loss occasioned by the erroneous tax refunds that the IRS made to or on behalf of Defendants, their conduct in filing false tax returns caused substantial interference with the internal revenue laws by administratively burdening the IRS, requiring the agency to expend considerable resources to detect the erroneous refunds, examine Defendants' 2002 and 2003 Form 1040 tax returns, and obtain the documents necessary to prove that the refunds were erroneous.

21.  In order to qualify for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, Plaintiff must establish (1) the likelihood of the government's success on merits; (2) whether the injunction will save Plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction.  *See Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 n.3 (6th Cir. 1991); *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985).

22.  Plaintiff has prevailed on the merits of its erroneous refund claims against

Defendants as reflected in the prior order adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation with respect to Plaintiff's motion for summary judgment.

23. Defendants' actions impose an immediate and irreparable injury on Plaintiff by impeding, impairing and obstructing the assessment and collection of federal taxes in accordance with the internal revenue laws.

24. In the absence of an injunction, Plaintiff will continue to suffer irreparable injury as Defendants and those who imitate them continue to file false tax returns. Since Plaintiff has met all of the proper standards and the traditional equity criteria for the entry of a permanent injunction under IRC § 7402(a), a permanent injunction should issue.

25. Defendants will not be harmed by the entry of an injunction against them because they will only be required to obey the law, including the provisions of the Internal Revenue Code and the applicable Treasury Regulations.

26. Finally, the United States' system of taxation relies on self-assessment and the good faith and integrity of taxpayers to disclose completely and honestly all information relevant to their tax liability.  The public interest will be accordingly be served by requiring Defendants to correctly report the income that they receive on their federal tax returns.

27. Accordingly, it is hereby

ORDERED, that Defendants are prohibited from filing any tax return, amended return, form (including, but not limited to Form 4852 ("Substitute for Form W-2 Wage and Tax Statement, etc.")) or other writing or paper with the IRS that is based on the

false and frivolous claims set forth in <u>Cracking the Code</u> that only federal, state or local government workers are liable for the payment of federal income tax or subject to the withholding of federal income, social security and Medicare taxes from their wages under the internal revenue laws (26 U.S.C.); and it is further

ORDERED, that within 30 days of the entry of this Amended Judgment and Order of Permanent Injunction, Defendants will file amended U.S. Individual Income Tax Returns for the taxable years ending on December 31, 2002 and December 31, 2003 with the Internal Revenue Service. The amended tax returns to be filed by Defendants shall include, in Defendants' gross income for the 2002 and 2003 taxable years, the amounts that Defendant Peter Hendrickson received from his former employer, Personnel Management, Inc., during 2002 and 2003, as well the amounts that Defendant Doreen Hendrickson received from Una E. Dworkin during 2002 and 2003.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager