UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                                     Case No. 06-11753

            Plaintiff,

v.                                                 District Judge Nancy G. Edmunds
                                                 Magistrate Judge R. Steven Whalen

PETER ERIC HENDRICKSON and
DOREEN M. HENDRICKSON,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Hold Defendants in Contempt [Docket #46]. For the reasons and under the terms set forth below, I recommend that the motion be GRANTED, and that Defendants Peter Eric Hendrickson and Doreen M. Hendrickson be ordered to appear before the Honorable Nancy G. Edmunds upon a day certain to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation.

**I.    CONTEMPT PROCEDURE UNDER FEDERAL MAGISTRATE JUDGES ACT**

Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

"[T]he magistrate judge shall forthwith certify the facts to a district judge

and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The conduct complained of in this case–Defendants' failure to comply with the terms of judgment–would constitute a civil contempt; therefore, I must proceed under the above section.

## II. CERTIFICATION OF FACTS

Plaintiff United States filed a civil complaint on April 12, 2006 for recovery, with interest, of "erroneous refunds of federal income, social security and Medicare taxes," for a total of $20,380.96. Plaintiff alleged that Peter Hendrickson, with his wife Doreen, filed a joint tax return which falsely stated that they received no wages or salaries for 2002 and 2003, despite the fact that Hendrickson's W-2 Wage and Tax Statements for those years shows that he earned $58,965 and $60,608 respectively.

On February 8, 2007, I filed a Report and Recommendation, recommending that the Plaintiff be granted summary judgment as to its claim for monetary relief and as to its request for a injunctive relief enjoining Defendants from "filing any tax return or amended return with the IRS that is based on the claim that only federal, state or local government workers are liable for the payment of income tax or subject to the withholding of federal income, Social Security and Medicare taxes from their wages

under the internal revenue laws." I recommended that the Plaintiff's request for injunctive relief requiring the Defendants to file amended tax returns for 2002 and 2003 be denied as moot. [Docket #17].

On February 26, 2007, Judge Edmunds entered an order accepting my recommendation that summary judgment be granted to the Plaintiff as to monetary and prospective injunctive relief, but rejecting the recommendation that the Defendants not be ordered to file amended returns for 2002 and 2003. [Docket #21].

On May 2, 2007, Judge Edmunds entered an Amended Judgment and Order of Permanent Injunction [Docket #34]. Judgment was entered against Defendants jointly in the amount of $10,152.96, plus interest for the 2002 tax year, and $10,228.00, plus interest, for the 2003 tax year.[1] Judge Edmunds also made specific findings of fact and conclusions of law in granting injunctive relief, including the finding that "Defendants' contention that withholding applies only to government workers is frivolous and false," *Amended Judgment*, ¶ 19, and that "Defendants will not be harmed by the entry of an injunction against them because they will only be required to obey the law, including the provisions of the Internal Revenue Code and the applicable Treasury Regulations." *Id.* ¶ 25. In terms of requiring the Defendants to file amended returns for 2002 and 2003, Judge Edmunds ordered as follows:

> "ORDERED, that within 30 days of the entry of this Amended Judgment and Order of Permanent Injunction, Defendants will file amended U.S. Individual Income Tax Returns for the taxable years ending on December 31, 2002 and December 31, 2003 with the Internal Revenue Service. The amended tax returns to be filed by Defendants shall include, in Defendants' gross income for the 2002 and 2003 taxable years, the amounts that Defendant Peter Hendrickson received from his former employer, Personnel

---

[1] Defendants have not yet satisfied the monetary judgment against them. On April 14, 2010, I entered an order granting the Plaintiff's motion to compel financial discovery pursuant to Fed.R.Civ.P. 69(a)(2). *See* Docket #54.

> Management, Inc., during 2002 and 2003, as well the amounts that Defendant Doreen Hendrickson received from Una E. Dworkin during 2002 and 2003." *Id*., p. 8.

Defendants appealed to the United States Court of Appeals for the Sixth Circuit. On June 12, 2008, the Sixth Circuit affirmed this Court's judgment in a written order, noting that "the Hendricksons make numerous challenges to the district court's jurisdiction and judgment which fairly can be characterized as plainly baseless tax protester arguments." [Docket #37]. In addition, citing "the patent baselessness of the Hendricksons' assertions on appeal," the Sixth Circuit imposed sanctions in the amount of $4,000.00. On June 19, 2009, the United States Supreme Court denied Defendants' petition for writ of certiorari [Docket #41], and on August 20, 2009, the Supreme Court denied Defendants' petition for rehearing [Docket #42].

On January 26, 2010, the Plaintiff filed the present contempt motion [Docket #46], to which was attached the declaration of Shauna Henline, who is employed by the Internal Revenue Service as a Senior Technical Coordinator for the Frivolous Return Program. As such, she has access to the IRS account records of Defendants Peter Hendrickson and Doreen Hendrickson. She states that she accessed those records, and determined that neither Defendant filed amended returns for the tax years ending December 31, 2002 and December 31, 2003.

Defendants filed a response to the present motion [Docket #51], arguing that (1) compelling them to file amended returns would require them to perjure themselves, since they do not believe that the income reported by their employers constitute taxable wages; (2) reporting said income on an amended return "would necessarily amount to a declaration that the Defendants previously-made testimony was false and perjurious," thereby violating the Fifth Amendment proscription against compelled testimony; and (3)

compelling them to report income as taxable wages, contrary to their belief that their income was not taxable, violates the First Amendment.

At the hearing on this motion of April 14, 2010, both Defendants persisted in the above arguments, and made it clear that they do not intend to file amended returns as ordered by this Court. Rather, they expressed their intention to appeal any order of contempt entered by this Court.

### III. DISCUSSION

There is no legitimate basis for the Defendants to defy this Court's judgment requiring them to file amended tax returns for 2002 and 2003, and their purported justifications for doing so, like virtually every other argument they have made in this case, are patently meritless.

In the "Introduction" section of their Brief in Opposition [Docket #51], the Defendants rehash the same arguments that were rejected by this Court and by the Sixth Circuit, claiming that there is no evidence that they owe any tax debt.

By completing an amended Form 1040 that reports the income received in 2002 and 2003, the Defendants are not admitting to having perjured themselves in their original tax returns. For example, Peter Hendrickson does not dispute that he received monetary compensation for his employment with Personnel Management, Inc., nor does he dispute the amount of compensation he received. There is no dispute as to the basic historical facts. Mr. Hendrickson's only quibble is with the legal definition of taxable wages. Reporting his earned compensation on an amended return, pursuant to a court order, and calculating his tax based on the IRS's definitions, cannot be construed as a tacit

acknowledgment of perjury in his original return.² For the same reason, signing the return under penalty of perjury, even though the Defendants disagree with the legal basis for considering privately earned income as taxable wages, does not constitute perjury or false statement as to the amount of money earned and the amount of tax owed under the correct reading of the tax code and the IRS regulations.

Furthermore, the Fifth Amendment does not shelter these Defendants from filing amended returns that report the income earned in 2002 and 2003. "The central standard for the application of the Fifth Amendment privilege against self incrimination is whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." *United States v. Argomaniz,* 925 F.2d 1349, 1353 (11th Cir.1991)(quoting *Marchetti v. United States,* 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968)). A taxpayer may assert the Fifth Amendment privilege as to *specific* incriminatory information that would result in "substantial hazards of self-incrimination that are real and appreciable and not merely imaginary and unsubstantial." *Aune v. United States*, 582 F.Supp. 1132, 1134 -1135 (D.C.Ariz. 1984) (citing *United States v. Neff,* 615 F.2d 1235, 1239 (9th Cir.1980)). *See also Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). However, as Justice Holmes noted, a taxpayer may not "draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the government's blank would bring him into danger of the law." *United States v. Saussy,* 802 F.2d 849, 855 (6th Cir.1986)(quoting *United States v. Sullivan,* 274 U.S.

---

² Mr. Hendrickson was convicted by a jury in Case. No. 08-20585 of 10 counts of filing a false document with the IRS, including the 2002 and 2003 returns. In his sentencing memorandum in that case [Docket #92], he states, at fn.3, "The government argues that Mr. Hendrickson's statement that he received no wages from Personnel Management, Inc. constitutes a misrepresentation. This is not a misrepresentation of facts as commonly understood. Mr. Hendrickson's statements, however, represent only his view concerning certain legal conclusions."

259, 264, 47 S.Ct. 607, 71 L.Ed. 1037 (1927)).

In *Garner*, the taxpayer revealed in his return that he was a professional gambler, an admission that was offered against him in a criminal prosecution. Thus, "[w]hile the constitutional privilege protects a taxpayer from disclosing the *source* of his income, it does not protect him from disclosing the *amount* of his income." *Aune* at 1134 (citing *United States v. Brown,* 600 F.2d 248 (10th Cir.1979)) (emphasis added). *See also United States v. Heise*, 709 F.2d 449, 451 (6th Cir. 1983) (failure to provide proper financial data on tax return amounts to total failure to file a return, and cannot be justified under the Fifth Amendment); *Treglowne v. United States*, 2000 WL 264677, *7 (E.D.Mich. 2000) ("Finally, plaintiff claimed the privilege with respect to the amount of his income (rather than its source or other information), which by itself can have no incriminating nature and thus is not protected by the privilege").

Defendants have not shown any real and substantial fear of a criminal prosecution that might result from reporting the income they received in 2002 and 2003 and calculating their tax according to an Internal Revenue Code and Regulations that have been held to be constitutional and valid by every court that has considered their arguments. The Defendants' disagreement with or unorthodox interpretation of the tax laws does not justify their wilful disobedience of this Court's order requiring them to file amended returns. "The failure to provide amounts on income tax returns cannot be justified out of a political disagreement with the tax laws or in protest against the policies of the Government." *United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir. 1982).

The Defendants' First Amendment claim is likewise without merit.[3] Numerous

---

[3] In Peter Hendrickson's related criminal case, Judge Rosen denied a motion to dismiss the indictment on First Amendment grounds. *United States v. Hendrickson*, 664 F.Supp.2d 793, 808-809 (E.D. Mich. 2009).

cases, most dealing with either 26 U.S.C. § 7206(2) (filing false or fraudulent tax return) or 26 U.S.C. § 6702(a) (civil penalty for a frivolous tax return) have held that filing a tax return simply does not implicate the First Amendment. *See Welch v. United States*, 750 F.2d 1101, 1108 (1st Cir. 1985)(noncompliance with tax laws not protected by First Amendment); *United States v. Damon*, 676 F.2d 1060, 1063, n.2 (5th Cir. 1982)("Section 7206(2) does not reach constitutionally protected speech"); *United States v. Ness*, 652 F.2d 890, 892 (9th Cir. 1981), *cert. denied* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981) ("Tax violations are not a protected form of political dissent").

Other courts have held that "even if a defendant's First Amendment rights are to some extent abridged, the government's interest in maintaining a sound revenue system outweighs the defendant's free exercise of those rights." *United States v. Rowlee*, 899 F.2d 1275, 1279 (2nd Cir. 1990)(collecting cases). In *Collett v. United States*, 781 F.2d 53 (6th Cir. 1985), the taxpayers submitted a Form 1040 in which the amount of tax filled in by a tax preparer was crossed out, and a lesser amount penciled in, along with an explanation that their tax liability was reduced by the percentage of the federal budget dedicated to military use. The IRS imposed a civil fine under § 6702(a), based on the filing of a frivolous return. Rejecting a First Amendment challenge, the Sixth Circuit stated:

> "Finally, the maintenance and viability of the tax system is a sufficiently important governmental interest to justify incidental regulation upon speech and non-speech communication." *Id.* at 55.

The Defendants have no basis, constitutional or otherwise, to persist in their refusal to file amended returns for 2002 and 2003. If their intransigence is based on a matter of conscience–that they fear they would somehow be conceding the correctness of the government's position–then they may submit with their returns a separate written

statement expressing their disagreement. However, the amended returns themselves must be completely executed and signed, with no extraneous material or comments contained on the Form 1040 or any pertinent schedules.

## IV.   CONCLUSION AND RECOMMENDATION

The Plaintiff has shown by clear and convincing evidence that the Defendants are in civil contempt of court. The Defendants have clearly expressed their intention to disregard this Court's Amended Judgment and Order of Permanent Injunction of May 2, 2007, and have failed to provide any legitimate reasons for not filing amended tax returns for 2002 and 2003.

The purpose of civil contempt is compensatory and remedial, not punitive. *In the Matter of Grand Jury Investigation*, 748 F.Supp. 1188, 1199 (E.D. Mich. 1990). "The district court has inherent authority to fashion the remedy for contumacious conduct." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006). Daily fines or incarceration may be appropriate. *United States v. Work Wear Corp.*, 602 F.2d 110, 115 (6th Cir. 1979) ("Civil contempt is meant to be remedial and to benefit the complainant...by coercing the defendant to comply with the Court's order vial a conditional fine or sentence...").

I THEREFORE RECOMMEND as follows:

(1) That Defendants bo ordered to appear before the Honorable Nancy G. Edmunds upon a day certain to be set by the Court, to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation;

(2) That if, by the date of the show cause hearing, Defendants have not filed amended tax returns for the tax years 2002 and 2003, as ordered by this Court, they be found in contempt of court and subject to sanctions for civil contempt;

(3) That as part of these sanctions, the Court impose a conditional fine of $100.00 per day on each Defendant, until they comply with this Court's order to file amended returns;

(4) That if the Defendants have not filed amended returns within 14 days of the imposition of *per diem* fines, they be ordered incarcerated until they comply with this Court's Amended Judgment and Order of Permanent Injunction of May 2, 2007.

## V. NOTICE AS TO OBJECTIONS

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue

contained within the objections.

                                            S/R. Steven Whalen  
                                            R. STEVEN WHALEN  
                                            UNITED STATES MAGISTRATE JUDGE

Dated: April 16, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 16, 2010.

                                              s/G. Wilson  
                                              Judicial Assistant