UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff(s),                                            Case No. 06-11753

v.                                                               Hon. Nancy G. Edmunds

PETER ERIC HENDRICKSON and
DOREEN M. HENDRICKSON,

    Defendant(s).
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT FOR FAILING TO COMPLY WITH AN ORDER TO FILE AMENDED TAX RETURNS FOR 2002 AND 2003 [46, 55, 61] AND GRANTING PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT FOR FAILING TO COMPLY WITH AN ORDER TO COMPEL RESPONSES TO POST-JUDGMENT DISCOVERY REQUESTS [60]**

This matter comes before the Court on Plaintiff's motion to hold Defendants in contempt for failing to comply with an order to file amended tax returns for 2002 and 2003, [Docket Text # 46, 55, 61], and Plaintiff's motion to hold Defendants in contempt for failing to comply with an order to compel responses to post-judgment discovery requests, [Docket Text # 60]. The Court having reviewed the pleadings in this matter, being fully advised in the premises, and for the reasons set forth on the record, hereby GRANTS Plaintiff's motions.

I.    **Procedural Posture**

Plaintiff filed a civil complaint on April 12, 2006 for recovery, with interest, of "erroneous refunds of federal income, social security and Medicare taxes," for a total of

$20,380.96. Plaintiff alleged that Peter Hendrickson, with his wife Doreen, filed a joint tax return which falsely stated that they received no wages or salaries for 2002 and 2003, despite the fact that Hendrickson's W-2 Wage and Tax Statements for those years shows that he earned $58,965 and $60,608 respectively.

On February 8, 2007, a Report and Recommendation was filed, recommending that Plaintiff be granted summary judgment as to its claim for monetary relief and as to its request for injunctive relief enjoining Defendants from

> filing any tax return or amended return with the IRS that is based on the claim that only federal, state or local government workers are liable for the payment of income tax or subject to the withholding of federal income, Social Security and Medicare taxes from their wages under the internal revenue laws.

That Report and Recommendation, however, recommended that Plaintiff's request for injunctive relief requiring Defendants to file amended tax returns for 2002 and 2003 be denied as moot. [Docket #17.]

On February 26, 2007, this Court entered an order accepting, in part, the February 8, 2007 Report and Recommendation. This Court accepted the recommendation that summary judgment be granted as to monetary and prospective injunctive relief, but rejected the recommendation that Defendants not be ordered to file amended returns for 2002 and 2003. [Docket #21.]

On May 2, 2007, this Court entered an Amended Judgment and Order of Permanent Injunction. [Docket #34.] Judgment was entered against Defendants jointly in the amount of $10,152.96, plus interest for the 2002 tax year, and $10,228.00, plus interest, for the 2003 tax year. This Court also made specific findings of fact and conclusions of law in granting injunctive relief, including a finding that "Defendants' contention that withholding

applies only to government workers is frivolous and false," (Am. Judgment ¶ 19), and that "Defendants will not be harmed by the entry of an injunction against them because they will only be required to obey the law, including the provisions of the Internal Revenue Code and the applicable Treasury Regulations," (*Id.* ¶ 25). In terms of requiring Defendants to file amended returns for 2002 and 2003, this Court Ordered as follows:

> ORDERED, that within 30 days of the entry of this Amended Judgment and Order of Permanent Injunction, Defendants will file amended U.S. Individual Income Tax Returns for the taxable years ending on December 31, 2002 and December 31, 2003 with the Internal Revenue Service. The amended tax returns to be filed by Defendants shall include, in Defendants' gross income for the 2002 and 2003 taxable years, the amounts that Defendant Peter Hendrickson received from his former employer, Personnel Management, Inc., during 2002 and 2003, as well the amounts that Defendant Doreen Hendrickson received from Una E. Dworkin during 2002 and 2003.

(*Id.* at 8.)

On March 13, 2007, Defendants filed a motion for reconsideration, [Docket Text # 27], that was denied by this Court, in which Defendants asserted the same frivolous arguments that Plaintiff "has failed to prove, or even attempt to prove, that Defendants owe or owed Plaintiff anything" and that "Plaintiff lacks (and has lacked from the beginning) standing and statutory authorization to bring suit for any reason, and particularly under the auspices of the law reflected at 26 USC 7405." On that same date, Defendants also filed a motion for relief from judgment, [Docket Text # 26], making similar arguments concerning subject matter jurisdiction in this matter. Both of those motions were denied by the Court. [Docket Text # 33.]

Defendants appealed to the United States Court of Appeals for the Sixth Circuit. On June 12, 2008, the Sixth Circuit affirmed this Court's judgment in a written order, noting that "the Hendricksons make numerous challenges to the district court's jurisdiction and

3

judgment which fairly can be characterized as plainly baseless tax protester arguments." [Docket #37.] In addition, citing "the patent baselessness of the Hendricksons' assertions on appeal," the Sixth Circuit imposed sanctions in the amount of $4,000.00.

On June 19, 2009, the United States Supreme Court denied Defendants' petition for writ of certiorari, [Docket #41], and on August 20, 2009, the Supreme Court denied Defendants' petition for rehearing, [Docket #42].

## II. Contempt Motions

### A. First Contempt Motion: Show cause why Defendants should not be adjudged in contempt by reason of the facts certified in the magistrate Judge's April 16, 2010 Report and Recommendation

On January 26, 2010, Plaintiff filed a contempt motion, [Docket #46], to which was attached the declaration of Shauna Henline, an Internal Revenue Service Senior Technical Coordinator for the Frivolous Return Program. As such, Henline has access to the IRS account records of Defendants Peter Hendrickson and Doreen Hendrickson. Henline states that she accessed those records, and determined that neither Defendant filed amended returns for the tax years ending December 31, 2002 and December 31, 2003.

Defendants filed a response to that contempt motion, [Docket #51], arguing, *inter alia*, that: (1) compelling them to file amended returns would require them to perjure themselves, since they do not believe that the income reported by their employers constitute taxable wages; (2) reporting said income on an amended return "would necessarily amount to a declaration that the Defendants previously-made testimony was false and perjurious," thereby violating the Fifth Amendment proscription against compelled testimony; and (3)

4

compelling them to report income as taxable wages, contrary to their belief that their income was not taxable, violates the First Amendment.

At the April 14, 2010 hearing on that contempt motion, both Defendants "made it clear that they d[id] not intend to file amended returns as ordered by this Court. Rather, they expressed their intention to appeal any order of contempt entered by this Court." [Docket Text # 55 at 5.]

On April 16, 2010, the Magistrate Judge issued a Report and Recommendation on Plaintiff's contempt motion. [Docket Text # 55.] Specifically, the Magistrate Judge recommended:

> (1) That Defendants bo ordered to appear before the Honorable Nancy G. Edmunds upon a day certain to be set by the Court, to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation;
>
> (2) That if, by the date of the show cause hearing, Defendants have not filed amended tax returns for the tax years 2002 and 2003, as ordered by this Court, they be found in contempt of court and subject to sanctions for civil contempt;
>
> (3) That as part of these sanctions, the Court impose a conditional fine of $100.00 per day on each Defendant, until they comply with this Court's order to file amended returns;
>
> (4) That if the Defendants have not filed amended returns within 14 days of the imposition of per diem fines, they be ordered incarcerated until they comply with this Court's Amended Judgment and Order of Permanent Injunction of May 2, 2007.

[Docket Text # 55.] On April 30, 2010, Defendants filed an objection to the Report and Recommendation, [Docket Text # 56], and Plaintiff replied on May 7, 2010, [Docket Text # 57].

5

On May 28, 2010, this Court issued an Order, [Docket Text # 61], adopting the Magistrate Judge's Report and Recommendation, [Docket Text # 55], recommending that Plaintiff's motion for contempt, [Docket Text # 46], be granted, and that Defendants be ordered to appear before this Court upon a day certain to show cause why they should not be adjudged in contempt by reason of the facts certified in the Report and Recommendation. This Court's May 28, 2010 Order provided:

> It is further ordered that Defendants Peter Eric Hendrickson and Doreen M. Hendrickson appear before this Court on Thursday, June 3, 2010 at 10:00 a.m. to show cause why Defendants should not be adjudged in contempt by reason of the facts certified in the Magistrate Judge's April 16, 2010 Report and Recommendation. It is further ordered that the Magistrate Judge's recommendations three (3) and four (4), [Docket Text # 55 at 10], are taken under advisement to be addressed at the show cause hearing.

[Docket Text # 61.]

### B. Second Contempt Motion: Show cause why Defendants should not be adjudged in contempt for failing to comply with an order to compel responses to discovery requests

As Defendants have not yet satisfied the monetary judgment issued against them, on January 15, 2010, Plaintiff filed a motion to compel responses to post-judgment discovery requests. [Docket Text # 44.] On April 13, 2010, the Magistrate Judge entered an order granting the Plaintiff's motion to compel financial discovery, pursuant to Fed. R. Civ. P. 69(a)(2), within 30 days of that order. [Docket Text # 54.] The April 13, 2010 order advised Defendants "that failure to comply with this Order will subject them to sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A), including treating their non-compliance as contempt of court."

As of May 24, 2010, more than thirty days have passed and Plaintiff has not received any response to those discovery requests. (Pl.'s Mot., Ex. 1, Daniel Applegate Decl. ¶ 2.)

6

Because judgment has already been entered against Defendants and the discovery requests are post-judgment requests by a judgment creditor to ascertain the financial status of the debtors, Plaintiff filed its motion requesting that the Court sanction Defendants under Rule 37(b)(2)(A)(vii) by holding them in contempt and imposing a daily fine until Defendants provide Plaintiff complete and accurate responses to its discovery requests as previously ordered.

### III. Show Cause Hearing

On June 10, 2010, a show cause hearing was held on Plaintiff's motions to hold Defendants in contempt for failing to comply with an order to file amended tax returns for 2002 and 2003 and Plaintiff's motion to hold Defendants in contempt for failing to comply with an order to compel responses to post-judgment discovery requests.

The Court having reviewed the pleadings in this matter, being fully advised in the premises, and for the reasons set forth on the record, hereby GRANTS Plaintiff's motions.

It is ORDERED and ADJUDGED that Defendants are in contempt for failing to comply with orders of this Court.

It is FURTHER ORDERED that a conditional fine of $100.00 per day is hereby imposed for each Defendant, until such time that Defendants comply with this Order to file amended tax returns for 2002 and 2003 as ordered by this Court.

It is FURTHER ORDERED that a conditional fine of $50.00 per day is hereby imposed for each Defendant, until such time that Defendants comply with this Order to submit complete and accurate responses to the post-judgment discovery requests as ordered by this Court.

It is FURTHER ORDERED that if Defendants have not filed the amended tax returns for 2002 and 2003 and submitted complete and accurate responses to the post-judgment discovery requests within 14 days of the imposition of per diem fines, Defendants are hereby ordered to be incarcerated until they comply with this Order.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 10, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager