35

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | FEB 28 '11 |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 06-11753** |
| | § | |
| **PETER ERIC HENDRICKSON and** | § | Judge Nancy G. Edmunds |
| **DOREEN M. HENDRICKSON,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' REPLY BRIEF IN OPPOSITION TO
## UNITED STATES' RESPONSE TO AFFIDAVIT OF DOREEN HENDRICKSON
## AND RENEWED MOTION FOR CIVIL CONTEMPT

We oppose this latest effort to invoke the Court's violence against us. This motion asks

the Court to violate our rights by forcing us to speak as though we are Plaintiff's puppets,

disavow our own legal claims and interests, repudiate our own freely-made testimony, and create

bogus evidence in support of allegations against us which Plaintiff, in contemptuous defiance of

plain, statutory obligations to "put up or shut up," has never validated with evidence. Further,

this motion is grounded on a judgment made without jurisdiction and in violation of due process

(including denial of our right to be heard, an improper denial of our motion for summary

judgment, and a denial of our right to challenge and impeach evidence). Further still, the Court is

incapable of acquiring jurisdiction in regard to the particular subject of the motion.

It is a rank irony for this motion to characterize us as in "contempt" for resisting its

Constitution-defying requests. Not only are the requests themselves plainly illegal, but they are

made even after the arrogant defiance of a host of statutory requirements unmistakably imposed

upon the executive. Without those requirements having been strictly complied with, the

Department of Justice had no lawful authority for bringing this suit, and has none for pursuing it,

and the Court was, and is, required to dismiss the complaint. *The fact is, we are the ONLY people involved in this affair who are NOT in contempt of any actual obligation to which we are lawfully subject*.

A.    <u>There Has Never Been A Case Or Controversy Involved In Plaintiff's Lawsuit.</u>

Fact evidence to support the third-party allegations upon which Plaintiff's suit relies, the production of which is mandatory per 26 U.S.C. §6201(d) and §7491 due to our having rebutted those allegations, was never produced (*see Washington ex rel. Shaw v. Comm'r* (2001, WD Wash) 2001-1 USTC para. 50389, 87 AFTR 2d 2191 and *Steffen v. United States (In re Steffen)* (2206 MD Fla.) 349 BR 734); nor did anyone independently establish Plaintiff's standing for this action through a sworn statement by an officer of the government, as is required per 26 U.S.C. §6020(b). *See United States v. Lacy*, 658 F.2d 396 (5th Cir. 1981) citing *United States v. Harrison*, 486 F.2d 1397 (2d Cir. 1972). Similarly, those acting on Plaintiff's behalf never produced evidence that this suit was authorized by the Secretary of the Treasury, as required per 26 U.S.C. §7401. *See United States v. One 1972 Cadillac*, 355 F.Supp 513, 514-15 (E.D. Ky. 1973) and see also *United States v. Isaac*, 968 F.2d 1216 (6th Cir. 1992). By virtue of all these failures, jurisdiction was never conferred on the Court, since without these requirements being met, there is no cognizable case or controversy.

The Court does not acquire jurisdiction merely because Plaintiff makes a complaint. There must actually BE a case or controversy, and in the face of our filed returns, it is only by fulfilling the specific statutory requirements listed above that Plaintiff can cognizably allege that a tax-related case or controversy exists. NONE of these requirements have been met, and the Court has always been without jurisdiction and obliged to dismiss. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998); FRCP Rule 12(h)(3). Therefore, this latest motion filed by Barbara McQuade on behalf of Plaintiff is grounded in an invalid judgment and must be denied.

**B.**    <u>**The Court Cannot Acquire Jurisdiction In This Matter.**</u>

Even beyond Plaintiff's failure to confer jurisdiction on the Court for the suit generally, the Court is actually unable to acquire jurisdiction for satisfying the request in this motion no matter what Plaintiff does. This is because Plaintiff's standing for a complaint regarding the content of testimony on returns we sign cannot be established. No one is under a valid, lawful duty to attest to what the Government wishes said, or what the Government believes to be true, or even what the Government believes the witness believes to be true – and therefore the Government cannot be harmed by anyone's failure to do so. Without harm there is no standing. *See Allen v. Wright*, 468 US 737 (1984).

There is a duty that certain tax forms be executed under penalties of perjury, and the government may have authority to punish someone for willfully putting incorrect information on a form of that sort. The government also has authority to produce testimony of its own in competition with testimony with which it chooses to disagree, and thus protect its own interest and express its view of the facts. But it does not and cannot have, confer or invoke authority to say: "We'll throw you in jail or fine you until you say what we want you to on a form and sign your name to it." *Wooley v. Maynard*, 430 U.S. 705 (1977); *First Unitarian Church v. Los Angeles*, 357 U.S. 545 (1958).

Plaintiff's representative has claimed that, per this Motion, we would only be being forced to say what is "correct," but this is pure nonsense – and also misdirection. First of all, Barbara McQuade has no knowledge of what is "correct," nor any basis for suggesting that she does – all she has ever produced as "evidence" are third-party allegations which have been rebutted. She won't even produce a government officer willing to swear that anything contrary to our returns is "correct."

Second, the attestation on a tax return is not that what appears thereon is "correct" according to the Government (even if some government officer WERE willing to say what he or she thinks is "correct" under penalties of perjury). The attestation on a return is that what appears thereon is what the SIGNER knows and believes to be correct. See the text of the jurat, and also *Garner v. United States*, 424 U.S. 648 (1976).

In any event, McQuade's arguments and assertions are irrelevant. The Government is prohibited from any behavior or claim which would cause us or anyone else even to feel a sense that testimony we might make might be "disapproved" by the state and be officially frustrated or undone, regardless of the reason. See *Illinois v. Escobedo*, 378 U.S. 478 (1964), declaring that government policies which collide with Constitutionally-secured rights and the rule of law must yield. Also *see Heiner v. Donnan*, 285 U.S. 312 (1932) ("[A] statute which imposes a tax upon an assumption of fact which the [presumed] taxpayer is forbidden to controvert is so arbitrary and unreasonable that it cannot stand...").

The fact that satisfaction of the request in this Motion would have such an effect is enough to make both the request and any order of the Court's pursuant to that request flatly unconstitutional and unavailable, no matter what else may be said of it, and therefore the Motion should be denied.

But there IS more to say of it...

## C.  McQuade's Latest Request To The Court In The Name Of Her Client Is Even More Illegal And Corrupt Than Those In The Past.

As in each prior occasion of these motions, this latest request seeks to lower the bar deeper into corruption. From the beginning, it has been asked that we be made to replace our freely-made testimony with something more convenient to Plaintiff. In addition, the

Government asked that we be forced to present the assertions of third-parties on the replacement documents as though they were our own testimony.

Under protest, but facing the Court's violent threats against us, and with children to protect, we complied with the Court's command that we submit to this legally pointless, law-defying, self-evidently unconstitutional request. But we produced truthful documents. The content specified by McQuade appeared, but along with a plain and truthful expression of the fact that it was not our own testimony, and that the documents were produced under coercion.

Unsurprisingly, the truth was fatal to the corrupt purposes behind this Motion. Claiming that her client couldn't "process" bogus returns that actually described themselves accurately, McQuade came back and, in the name of her client, asked Judge Edmunds to force us to lie by concealing that what we did was involuntary and not actually our own testimony, in a plain admission that the request is shameful and incapable of tolerating exposure to the sunlight.

Again, facing vicious threats of violence at the hands of Judge Edmunds, Doreen Hendrickson, an actual recipient of the order to this effect (with which Peter Hendrickson has never been served), produced "amended returns" on which appear the content ordered by Nancy Edmunds. No expression of the coerced and dictated character of the forms appear on the forms themselves, per Edmunds order that these facts be hidden from view. Instead, the "reason for the changes" portion of the return forms simply refers to an affidavit filed with the clerk of the court, in which Mrs. Hendrickson states her accurate testimony concerning the content and circumstances of production of these forms.

Even this left the truth too much in the neighborhood for the purposes behind this motion. Now, the Court is asked to force us to say that the reason for the changes prompting these coerced forms is because we deem our actual prior testimony "incorrect." To put it more baldly (and more revealingly of its true, pernicious character), the Court is being asked to force us at

gunpoint to recant our heresy, and declare that we believe the Government's claims to our property are valid, and that we love Big Brother (oops, sorry, different nightmare... ...well, not much different...)!

Somewhere in eternal torment for, among other things, their own crimes against liberty of conscience and the obligations of strict obedience to procedural fairness, wherever it may lead, the damned souls of Josef Stalin and Adolf Hitler are finding a moment's respite and are smirking at each other. Somewhere much more congenial, the souls of America's founders, and every patriot who ever suffered in defense of freedom under the rule of law, are weeping.

**D.    The Persistent Denial To Us Of Due Process Persistently Invalidates McQuade's Request.**

The smirking and weeping are not just because of these law-defying requests; equally significant, Judge Edmunds has steadily granted each of them. We have been unable to figure out why, perhaps because, in a broad and foundational violation of due process requirements, Judge Edmunds has never afforded us a hearing on any of our several Motions pointing out Plaintiff's various deficits, nor has she offered any written explanation for her decisions on the substance of our Motions. We are left playing a corrupt game of "Whack-a-Mole" with a judge who harbors notions about the case which are not communicated to us, and appears to deem us obliged to carry a mysterious burden of proof. We have been "Star Chamber" defendants facing "secret evidence."

The nearest thing we have had to an explanation for Judge Edmunds' decisions are verbal declarations she made during the first hearing ever held in this case, on June 10, 2010 (a hearing on a Plaintiff's Motion, during which our own Motion also before the Court was ignored). Judge Edmunds declared her beliefs that 1) ALL earnings of an American are inherently and automatically subject to claims by the Plaintiff to a portion thereof, and 2) that by rebutting

allegations that we received payments subject to Plaintiff's claims using forms the Secretary of the Treasury has specified for that very purpose, we somehow substantiate Plaintiff's claims. (See excerpt of hearing transcript attached as Exhibit 1.) Both of these bizarre and self-evidently wrong beliefs contributed to our having been deprived of due process in several particularized ways in this case, on top of the general "mushroom treatment" noted above.

**E.    Plaintiff Has Failed To Produce Sworn, Competent, Challengeable Evidence In Support Of Its Claims, And Thus We Have Been Denied Our Right To Test And Impeach.**

If the Government wishes to assert that a tax-related issue exists regarding the amount of "income" received, contrary to the content of our returns, it must put our returns in controversy by deeming them false or fraudulent on the sworn testimony of a suitable officer taking responsibility for this dramatic, very serious assertion. *United States v. One 1972 Cadillac*, 355 F.Supp 513, 514-15 (E.D. Ky. 1973); *United States v. Isaac*, 968 F.2d 1216 (6th Cir. 1992)

Further, it is only by making sworn statements as noted above that Plaintiff can make any assessment contrary to our returns, and if it has not equipped itself to make an assessment, it has not equipped itself with standing to claim that we owe it anything. Not coincidentally, it is also only by meeting this statutory obligation that a witness can be produced to articulate Plaintiff's claim and be subject to cross-examination. *United States v. Jenello*, 102 F.2d 587, (3rd Cir. 1939).

Further still, in this case, the only thing proffered by Plaintiff in support of its assertions that we had had earnings subject to its claims are four third-party "information returns." Congress has specifically declared that once rebutted, the allegations on these documents are of no independent evidentiary value, and in order to proceed with a claim, Plaintiff is required to produce independent "additional fact evidence" in support of its assertions. *See* 26 U.S.C.

§6201(d) and §7491; *Mason v. Barnhart*, 406 F.3d 962 (8th Cir., 2005) and *Portillo v. CIR*, 932 F.2d 1128 (5th Cir., 1991); *Rendall v. CIR*, 535 F.3d 1221 (10th Circ., 2008).

Plaintiff failed to produce additional fact evidence, or a complaining witness, and yet Judge Edmunds ruled that its claims were upheld. The judge thus deprived us of due process by denying us any opportunity to examine and impeach a complainant and the production of the required additional fact evidence; therefore, the judgment rendered in the case is invalid, and McQuade's motion, which is grounded in that judgment, should be denied.

**F.**     **Judge Edmunds Denied Us A Meaningful Opportunity To Be Heard By Construing Our Pleadings And Testimony To Mean The Opposite Of What We Plainly Said, And Intended To Say.**

Judge Edmunds construed our rebuttals of the third-party assertions upon which McQuade relies on behalf of her client to themselves be substantiation of those assertions. In doing so, Judge Edmunds construed us out of a meaningful opportunity to be heard.

It is not merely furnishing us an opportunity to speak that is necessary to meet the requirements of due process; we also must be rationally and respectfully understood. In this case, Judge Edmunds "creatively misunderstands" us such that our speech is worse than neutralized – it is turned against us, and corruptly deemed to be confirmation of what we were actually (and obviously) denying. Thus, we were deprived of meaningful opportunity to be heard – which is the very essence of due process. *See Armstrong v. Manzo*, 380 U.S. 545 (1965); Joint *Anti-Fascist Comm. v. McGrath*, 341 U.S. 123 (1951). Consequently, the judgment rendered in the case is invalid, and McQuade's motion, which is grounded in that judgment, should be denied.

**G.**     **Plaintiff Lacks Standing For Its Lawsuit Generally.**

Plaintiff has produced nothing supporting the proposition that is has suffered, or is in danger of suffering, harm from us or our filings. Nor has it shown harm or threat of harm from our failure to file documents saying what Plaintiff wishes we would. We have said we did

nothing taxable except as shown on our returns, and that we owe Plaintiff nothing. Before Plaintiff can say that it has an interest in us which could require or authorize action by the Court, it must cognizably allege that we DID do something taxable.

The information returns it has introduced are nullified, as provided for in 26 USC 6201(d) and 7491. The mere re-iterating of what appears on two of those information returns – the W-2s alleging "wage"-receipt by Peter Hendrickson – on a new affidavit by Warren Rose attached to this latest Motion doesn't help.

Submission of the affidavit tacitly admits Plaintiff's long-standing evidentiary deficit; after all, there is no reason to produce it if the record had already been sufficient before Judge Edmunds issued judgment in Plaintiff's favor; but the affidavit is insufficient for any other purpose. On it, Rose simply repeats what he said on the W-2s, which have already been rebutted and nullified. Such allegations don't take on more weight, or become un-nullified, by being articulated a second time.

Further, having not been subjected to testing and impeachment, no one knows what Rose even means by the words he uses. Rose has already admitted under oath in proceedings in another case that he is not familiar with the meaning of terms used in the context of tax law.

Not even so much as a repetitious affidavit has been produced in a vain effort to "support" the third-party allegations Plaintiff relies upon to suggest that Doreen Hendrickson received "self-employment income." Nothing but the rebutted 1099s themselves have ever been introduced in the case.

The only other "evidence" Plaintiff submitted into the record are an affidavit by Kim Halbrook meaninglessly attesting to the fact that the W-2s presented are true copies of records found in Personnel Management, Inc.'s filing cabinets (something no one disputed); and declarations by two IRS workers making speculative analyses of how earnings ascribed to us

9

would be treated under tax law, *but only if they were proven to qualify as "wages" and "self-employment income."* These workers presumed that this was proven, but had no basis for doing so, and offered none.

Therefore, nothing cognizable and sufficient has ever been introduced by Plaintiff to suggest that we have done anything taxable contrary to what was reported on our returns. Plaintiff has not shown that it has suffered, or could suffer, any harm from us for which it needs action by the Court to rectify.

Doubtless, Plaintiff would rather not have to demonstrate that it actually has evidence to support its claims. Doubtless it would prefer that everyone just act as though information return allegations, or mere indications that money has changed hands, are sufficient to prove that someone owes it money. But they are not, and that is that. Plaintiff must prove its standing; it has not done so; and the Court has no jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

### H.    Another Due Process Violation Concerning Summary Judgment Procedures Renders The Court's Judgment In This Case, Upon Which Plaintiff's Motion Depends, Invalid.

In our initial response to Plaintiff's Complaint, our Motions to Dismiss and for other relief, Docket #4, we moved for dismissal of the complaint for, among other things, its failure to state a claim upon which relief can be granted. Our Motion was in specific regard to Plaintiff's request for the injunctive relief that is the subject of this new Motion filed by Barbara McQuade in Plaintiff's name.

In our Motion, we pointed out that tax returns are testimonial instruments, and that the testimony thereon is intended and specified to be exclusively what is known and believed to be true, complete and correct *in the view of the person signing the return and taking legal responsibility for doing so*. We further pointed out that government efforts or judicial orders

seeking to influence or control the contents of another's testimony, or to interfere with, or discourage anyone from freely testifying on his or her own behalf, was a violation of the fundamental law, as well as of the statutory structure within which tax-related testimony is made. Under FRCP Rule 12(d), Judge Edmunds was required to treat our Motion as a Motion for Summary Judgment, consistent with the provisions of FRCP Rule 56. Plaintiff filed nothing responsive showing a genuine issue for trial on this matter, nor produced anything showing why it was unable to produce anything it believed would show such an issue.

Since no genuine issue of material fact was in dispute, and we were entitled to judgment as a matter of law, Judge Edmunds violated our right to due process and the equal protection of the laws by not granting our Motion and instead sitting on it for nine and one-half months, while allowing other proceedings in the case. During this period, Judge Edmunds allowed the Plaintiff to make its own Motion for Summary Judgment, and compelled us to respond to that improper and untimely motion over our objections. Ultimately, Judge Edmunds simply dismissed our Motion (and all our other motions) without a word of explanation, and granted Plaintiff's motion, despite Plaintiff still never having produced anything of any kind supporting the assertions in its complaint that it was or could be harmed by our making our testimony on tax returns free of coercion and Plaintiff's control.

Judge Edmunds rendered her decisions not only despite Plaintiff's failure to dispute our Motion, but despite our having controverted by affidavits numerous fact assertions upon which Plaintiff's Motion was based, putting all of the genuine issues of material fact into dispute. Because the judgment granting of Plaintiff's Motion for Summary Judgment and denying ours was in violation of our rights to due process and the equal protection of the laws, Plaintiff's current Motion, being grounded in that invalid judgment, should be denied.

I.    **The Motion Filed By McQuade Misstates Facts Concerning Peter And Doreen Hendrickson's Response To Judge Edmunds' Last Order.**

Even if the order issued pursuant to the motion filed by McQuade on October 25, 2010 were lawful, Peter Hendrickson has never been served with the order issued by Judge Edmunds pursuant to that motion. Under FRCP(65)(d)(2), he therefore cannot be deemed in contempt of that order.

Without granting its legitimacy, but solely out of fear of Judge Edmunds' extortionate threats, Doreen Hendrickson acted to comply as best she could with the truth-shy last order made by Judge Edmunds. Mrs. Hendrickson produced "amended return documents" which concealed their coerced and dictated character, and merely referred in the "reasons for the change" field on the forms to an affidavit she filed with the Clerk of the Court on which she accurately and honestly explained the reasons for the production of these bogus documents.

Because the bogus documents she was ordered to produce and the affidavit by which she preserved her integrity and exercised her unambiguous right to testify truthfully were filed with the Clerk of the Court in order to be made a permanent part of the record in this sordid affair, Mrs. Hendrickson served a copy on Daniel Applegate by mail, all stapled together as one collection of papers, just as was what was filed with the Clerk.

Mrs. Hendrickson ALSO included in the same envelope an UN-fastened collection of the "return" documents, pursuant to Judge Edmunds decree, with which he was free to defraud (or conspire with) the IRS by submitting the invalid documents, as he wished. No affidavit was attached to the returns, nor does anything on the returns call for or make reference to an attachment. The assertions to the contrary appearing over Barbara McQuade's signature are simple lies of the same sort as when, in the last motion she signed and filed in this case, she falsely claimed that the controlling statement associated with our signatures on the documents

we produced pursuant to Judge Edmunds' June order declared our signatures to be null and void. See Exhibit 2, Affidavit of Doreen Hendrickson filed concurrently herewith.

Also, Mrs. Hendrickson made a good-faith effort to comply by producing the coerced document as a "separate" "amended return." She knew of no other way to accommodate the unique circumstances of this lawless and unprecedented order.

There appears to be no provision made by the Department of the Treasury for this situation, perhaps since no one in their blackest nightmare could ever have anticipated anyone being compelled to create "amended" returns. A consultation with a CPA has revealed no alternatives to Mrs. Hendrickson's solution.

In any event, we think it patently ridiculous for Barbara McQuade to suggest that her client which is prepared to "process" "amended returns" that are known to be coerced and therefore bogus, as long as they simply don't say on their faces that they are coerced, will stick at "processing" a bogus "separate" "amended return" just because the IRS has put a printed instruction on the "amended return" form saying one can't switch from "joint" to "separate."

We are unable to find any tax law specifically prohibiting someone from filing a "separate" amended return after having once filed jointly even if doing so voluntarily. We believe there is no such prohibition, and in any event, since Peter and Doreen Hendrickson are not federal persons subject to the federal statutory structure in any case, and since Doreen Hendrickson only produced this form due to the threats issued by Judge Edmunds at the instigation of Barbara McQuade, we don't believe that this minor regulatory issue is even relevant to this situation. Further, since the actors in this situation have made it clear that they are willing to do what even the Constitution directly prohibits, and to ignore all statutory obligations imposed upon them, it is ludicrous to argue that after swallowing those camels they will strain at the gnat of this minor issue.

In fact, it is plain that both of these "complaints" about Doreen Hendrickson's compliance are cheap pretexts for McQuade to come back and take a stroke deeper into the muck with the new demand that the Hendricksons be made to say that their previous testimony was wrong, and that the government's self-serving embrace of third-party assertions – the character of which is completely unknown to the government, but which support its putting a little more money in its pocket – is correct.

Finally, a scurrilous assertion is made concerning Doreen Hendrickson's recent contact with Sheldon Rose, a good friend of both Hendricksons. Plaintiff's motion seeks to characterize this contact as improperly motivated, but all that was involved (as would be attested to by any and all of the five people present throughout, Mr. Rose included) was an invitation to Mr. Rose to reflect on the fact that "wages" – as defined in the law, and to be reported on W-2s – is a custom-defined term; that nothing not clearly and unmistakably known and believed to be true should be said on forms like W-2s created about Mr. Hendrickson (or anyone else); and that if what was said on such forms was not, in fact, personally known and believed to be true he should consider correcting them. Mr. Rose indicated that he would discuss the matter with counsel and give it due consideration.

**J.**     **The Implication Of The Motions McQuade Has Filed – That We Believe What Plaintiff Wishes Us Forced To Say We Do, And Do Not Believe What Our Freely-Made Testimony Says – Is Impertinent And Absurd.**

Beside the fact that it is ridiculous (even psychopathic) for anyone to assert or imply personal knowledge that we DO believe something other than what we say over our signatures, it is equally absurd to even suggest that we DON'T believe what our freely-made testimony says we do. Our view of the tax and the law has been reflected on our tax returns for twenty years now. It was expressed less knowledgeably for the first ten of those years, perhaps – indicating simply and in broad strokes that we did not believe the technical term "income" properly applied

to our earnings. Later, having gained a comprehensive knowledge of the custom terms and presumptions deployed in the tax structure, we spoke in a more nuanced way, with what we had come to recognize as necessary rebuttals of each..

We have argued our position repeatedly in District, Circuit, and the United States Supreme Courts, as well as before an administrative body in Michigan. We have spent hundreds of hours writing dozens of briefs laying out and supporting our view. Peter Hendrickson has written one book entirely on this subject, and two others with a large portion of the content of each being similarly focused. He has written thousands of pages of studies and essays discussing, explaining and supporting this view.

Our view is shared by tens of thousands of others who have studied the same source material, including attorneys, CPAs, doctors, educators, businessmen and women, and Americans of every other profession or walk of life. The federal and 33 state tax agencies have been acknowledging the accuracy of our view for more than seven years now and on thousands and thousands of individual occasions. In at least several dozen cases which are known to us, these agencies have attempted to resist claims made pursuant to these views, engaging in extended, sometimes year-and-a-half long exchanges of visits, phone calls, letter exchanges and more before the agency involved finally capitulated and returned the money of the citizen making claims identical to ours. Indeed, the return of our own property which the Plaintiff seeks to undo by judicial fiat in this case came only after our claims underwent considerable scrutiny and fussing by the IRS.

Anything we may have ever done that might be claimed to be an indicator that we believed or accepted the view the government seeks to have us forced to declare will have been inadvertently done, and was rescinded long ago, upon our having first become aware of the government's practice of deploying custom terms and contexts, and ruthlessly exploiting

15

ignorance of same. See the Affidavit and Declarations attached as Exhibits 3, 4 and 5 furnished

to the IRS and Personnel Management, Inc., respectively, on or about the dates indicated on each

and which have all been in Plaintiff's possession since before the initiation of this lawsuit.

**K.**   **This Court Should Take Heed Of The Fact That In This Case, It is Involved In A Constitutional Crisis.**

In our Motion to the Court of December 15, 2010, we said that there are only two reasons

why Barbara McQuade (in the name of her client) could be interested in securing dictated-

content-testimony from us – to fill her evidentiary gap, and to undo our nullification of the third-

party allegations on which her case exclusively and inadequately relies. But there is actually

another, even more pernicious reason. That is the deterrence – which is to say, the chilling – of

freely-made testimony of other Americans.

It is plain that the Court's granting of McQuade's request here WILL have a chilling

effect, whether intended or not, not merely on speech, but on testimonial speech. This is one of

the things that makes clear beyond the plausible misunderstanding by anyone involved here that

McQuade's request, and any order issued pursuant to it, are criminal acts. [CITE PERJURY

STATUTE AT 7206(2)] As noted previously, just as the government can have no legitimate

interest in the content of our testimony for any purpose other than to prosecute us if it really

believes us to have perjured ourselves, the government cannot have anY lawful interest in

deterring the testimony of any one else – even testimony based on the exact same understanding

of the law that informs ours. Like it or not, that understanding is widespread and deeply-held,

and for good reason, as well, even though THAT doesn't matter. What matters is that

government action which chills testimony is unconstitutional.

In any event, even if the government imagines that it has a lawful and valid interest in

influencing the testimony of others, its proper method is by creating and executing under oath its

own testimony – which happens to be the same lawful method available to it to produce "processable" returns contrary to ours, if it actually believes it has a rightful interest in such instruments. It certainly has no lawful or valid authority to dictate our testimony as a means of either furnishing itself with such returns, or of intimidating others into professing the state's preferred orthodoxy regarding the income tax.

In several filings in this case, Barbara McQuade has cited 26 U.S.C. §7402(a) as providing a statutory grant of jurisdiction to the District Court. This is mistaken, for reasons already discussed, but a look at that statute is instructive, nonetheless.

Section 7402(a) provides a general jurisdiction to issue judgments and injunctions and so forth – in actual tax-related cases or controversies – when *necessary or appropriate*.  Necessity can only arise when an actual controversy has arisen, and having not produced a challenging return per §6020(b) or the additional fact evidence required per §6201(d) and §7491, Plaintiff in this case has declined to attempt to cross this threshold. Further, the provisions of §6020(b) furnish and specify Plaintiff's actual remedy to any legitimate need for "processable returns" contrary to our already-filed returns. Thus, the injunction sought in McQuade's motion is not necessary, and can't invoke the Court's jurisdiction.  At the same time, the guaranteed chilling effect of what is being asked for from the Court, plus its obvious infringement on our rights, makes the injunction requested manifestly and egregiously inappropriate.

Hence, this latest Motion filed in Plaintiff's name is improper, seeks a remedy that is neither necessary nor appropriate, and cannot and should not be granted. The Motion should be DENIED, all previous orders and judgments in this matter should be VACATED, and Plaintiff's Complaint should be DISMISSED with prejudice.

Respectfully submitted this 28th day of February, 2011.

*/s/ Peter Eric Hendrickson*

17

Peter Eric Hendrickson

Doreen M. Hendrickson
232 Oriole Rd.
Commerce Twp, Michigan 48382
(248) 366-6858
feedback@losthorizons.com

## List of Exhibits

EXHIBIT 1    Excerpt of pp. 6-7 of Transcript of Hearing before Judge Nancy Edmunds on June 10, 2010

EXHIBIT 2    Affidavit if Doreen Hendrickson dated February 28, 2011

EXHIBIT 3    Rescission Affidavit of Peter and Doreen Hendrickson dated November, 2001

EXHIBIT 4    Declaration of Peter Hendrickson regarding withholding dated July, 2002

EXHIBIT 5    Declaration of Peter Hendrickson regarding various documents dated July, 2002

# EXHIBIT 1

**Excerpt of pp. 6-7 of Transcript of June 10, 2010 Hearing before Judge Nancy Edmunds**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff,              Case No. 06-11753
                                            Hon. Nancy G. Edmunds
        v.

PETER ERIC HENDRICKSON,
DOREEN M. HENDRICKSON,

                    Defendants.
_____/


MOTION FOR CONTEMPT
BEFORE THE HONORABLE JUDGE NANCY G. EDMUNDS
United States District Judge
Theodore Levin U.S. Courthouse
Detroit, Michigan

June 10, 2010


APPEARANCES:

For the Government:     Mr. Robert D. Metcalfe, Esq.
                        United States Attorney's Office

For the Defendant:      Mr. Peter Hendrickson, Pro Se

                        —    —    —

Suzanne Jacques, Official Court Reporter
www.transcriptorders.com

1    they are.   That's what's being ordered to me.   I'm being told to
2    say over my own signature that I do believe my earnings qualify
3    as wages, and I don't believe that, Your Honor.
4                THE COURT:   Simply by filing the tax return, you
5    admit that, you acknowledge that.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

6/10/2010 Motion for Contempt

1

2

3

4

5

6

7

8

9

10

11

12

13          THE COURT:   The point is that every American citizen

14   is required to accurately report their wages and their earnings

15   to the United States government because they owe federal taxes

16   on it,

17

18

19

20

21

22

23

24

25

# EXHIBIT 2

**Affidavit if Doreen Hendrickson dated February 28, 2011**

**N THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. 06-11753 |
| | : | |
| PETER HENDRICKSON, et al. | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF DOREEN HENDRICKSON IN SUPPORT OF DEFENDANTS' BRIEF IN OPPOSITION TO UNITED STATES' RENEWED MOTION FOR CIVIL CONTEMPT

I, DOREEN HENDRICKSON, upon my oath, depose and state as follows:

1.    I am a Defendant in the above-captioned matter.

2.    I am of legal age and sound mind, and act of my own free will.

3.    I affirm these matters to be true of my personal knowledge and, if called to do so, could and would competently testify thereto.

4.    Ms. Edmunds stated that I could file anything I wanted, stating my objection to her dictated 1040X filings, as long as I didn't attach them to the 1040X . I complied exactly as she ordered, filing my objection with the clerk and sending a copy of that filing to Mr. Applegate.  In that same envelope, I included separate unattached copies of the 1040X forms for him to file as he saw fit.

5.    I did not notice the line stating that one cannot change the filing status.  As my husband is not available to file 1040X forms jointly with me, and as he was never served with any papers relating to the hearing on December 15, 2010, I prepared my "amended" returns

demanded by the government on my own so that I would be in full compliance with the Court's order.

6.   In her motion served upon me on February 9, 2011, Ms. McQuade references a visit between me, my daughter, and two friends with long-time friend, Sheldon Rose. Ms. McQuade was not present at that visit, nor was Mr. Warren Rose.

7.   This was a cordial visit of friends and family at the home of Sheldon Rose, who my husband and I consider a friend. Ms. McQuade implied in her motion that Sheldon was somehow being coerced to sign something he didn't believe to be true (which I find ironic considering it is my husband and me being coerced, and no one else). Ms. McQuade's suggestion is flatly untrue. We merely presented Sheldon with the actual text of the relevant law regarding the requirements for reporting on W-2s, including statutes that contained definitions.

8.   In fact, Sheldon, well aware of the improper assault against us, had previously contributed generously to my husband's legal expenses. I thought that, in light of this support, he might be willing to examine the law for himself. I asked him to consider the things in the affidavit to see if, in the context of what he now sees are the requirements of the law, he could agree to them. We told him we trusted him to do what he felt was right, and nothing more.

9.   Sheldon did not sign the affidavit, nor did anyone else. For this reason, among other reasons, Ms. McQuade's statement that "the affidavit falsely claims that Peter Hendrickson did not receive income…." is false.

10.   I did not visit with Sheldon or speak to him about these matters to in any way disobey nor undermine this Court's orders, nor did I have such an intent.

11.   I have tried to comply with this Court's orders, but I am confused and bewildered by them and do not understand what the Court is asking of me, as the Court's and government's

demands keep changing.  I understood my last "amended" return submitted to the government

was in full compliance with the Court's order and with her ruling at the hearings.

12.    I affirm under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my current knowledge.

Executed on February 28, 2011 at Commerce Twp., Michigan.

Doreen Hendrickson

State of Michigan          )
                           )  ss.
County of Oakland          )

Subscribed and sworn to or affirmed before me

this 28th day of February, 2011.

Person authorized to administer oaths/Title

[stamp]

JAMES W ANDERSON II
Notary Public - Michigan
Wayne County
My Commission Expires Oct 10, 2015
Acting in the County of Oakland

# EXHIBIT 3

**Rescission Affidavit of Peter and Doreen Hendrickson dated November, 2001**

## Affidavit

The undersigned, Peter. E. Hendrickson and Doreen M. Hendrickson, being first duly sworn, herein and hereby declare, jointly and individually, that any monies submitted by us or on our behalf, or withheld from us under any circumstances and in any form for purposes of satisfying any alleged obligation or liability now or at any time in the past of or for a tax in any form and under any name, title, classification or character to any government, government agency, or other institution, including, but not limited to the United States, the State of Michigan, the Internal Revenue Service, the United States Department of Treasury and the Michigan State Department of Treasury have been so submitted or allowed to be withheld based exclusively on ignorance or uncertainty as to our rights and the effects of our acts due to the assertions and representations, explicit or implicit, of the relevant government, government agency, or institution as to our legal obligations, the legal character of the receipts involved and/or the method by which they were acquired, and the legal authority of the relevant government, government agency or institution to demand and enforce our involuntary compliance with these alleged obligations, and/or from fear of harm to which we would be subject upon our refusal. We repudiate and deny that we in any way endorse, acknowledge or accept voluntarily or ever at any time endorsed, acknowledged or accepted voluntarily any such obligations, liabilities and characterizations.

We likewise declare, jointly and individually, that the execution or signing of any document or form or other instrument, or failure to contest or modify any document or form or other instrument at any time concerning or associated with any matter of any tax or other related obligation to any government, government agency or institution, or on the basis of which it is or can be alleged, argued or held that we ourselves or our property or receipts are made or become subject or susceptible to any taxing authority was similarly done under compulsion and/or in ignorance, and was executed or uncontested solely in ignorance and uncertainty as to our rights and the effects of our acts and/or fear of harm due to the representations, explicit or implicit, of the relevant government, government agency and/or institution, and we repudiate and deny that it was ever our knowing and voluntary purpose that we ourselves or any of our property or receipts become subject or susceptible to any tax or taxing authority.

_____  11-21-01      _____
Peter E. Hendrickson          Date          Witness  RICHARD STECKER

_____  11/21/01     _____
Doreen M. Hendrickson          Date          Witness  RANDALL K. SHELLEY

State of Michigan, County of Oakland                    PETER E. HENDRICKSON
The foregoing instrument was acknowledged before me this _11/21/01_, by  AND DOREEN M. HENDRICKSON

My commission expires:                    _____
                                          (Notary Public) Oakland County, MI

KAREN BOYE
Notary Public, Oakland County, MI
My Commission Expires Apr. 14, 2002

*4 of 4*

# EXHIBIT 4

**Declaration of Peter Hendrickson regarding withholding dated July, 2002**

Mickey,

      Attached you will find the law relating to the matter of number of allowance that we were discussing. You will note that (within the context provided by the language upon which you are relying in withholding from me at all) an employee is explicitly provided with the authority under the law to claim any number of allowances. You will further note that nowhere is the IRS or anyone else provided the authority to disregard or override such claims. Any effort to refer to language such as "as the Secretary may prescribe" requires the citation of the specific Treasury regulation so promulgated and duly published in the Federal Register.

      The above is referenced within the context that a W-4 must be filed at all, which I am treating separately, for purposes of simplification. The fact that a W-4 need not be filed at all will be made clear by the "Definitions" and legal principles provided. Attached you will also find a formal termination of any and all withholding authorization regarding my compensation, and an affidavit and declaration with regard to documents and information previously provided to Personnel Management, Inc.

Peter E. Hendrickson
07/15/02
cc Larry Bodoh

# EXHIBIT 5

**Declaration of Peter Hendrickson regarding various documents dated July, 2002**

### Affidavit and Declaration

The execution and/or submission by me of any document, form, or information, including a "Form W-4" and a "Social Security Number", as well as the submission or execution of, or failure to challenge, any other documents or information at any time, is not to be construed as representing, constituting, or in any way implying an endorsement, acknowledgement, agreement or declaration that any of the compensation that I have received or will receive from the employer to whom it is or was submitted constitutes income within the legal meaning of the term in any tax or revenue act of any government, or is in any way subject to taxation or withholding, or that any activity in which I engage relative to that compensation is itself, or causes me to be, taxable.

Any such submitted document and/or information is and was executed and/or submitted solely due to the specific and/or implicit representations by that employer that I am under a legal obligation to do so, and/or that they are under a legal obligation and are possessed of legal authority to compel (or make my employment contingent upon) its execution and submission. The responsibility and liability for making such determinations of legal obligation and authority fall entirely on them, or those others upon whose representations they are relying, as do the responsibility and liability for claiming that, or acting as if, any compensation that I receive from them or activity in which I engage relative to my employment is subject to any tax or withholding or causes me to be subject to or liable for any tax or other obligation whatsoever.

Peter E. Hendrickson                                        8 / 02 / 02

## TERMINATION OF AUTHORITY AND/OR AGREEMENT TO WITHHOLD

Personnel Management Inc. is notified hereby that I, Peter E. Hendrickson, am declaring ended and withdrawn as of this date, the 2nd of August, 2002, any and all authorization and/or agreement for the withholding of any portion of compensation owed me for services rendered howsoever such authorization and/or agreement may have been conveyed, executed, or implied at any time.

_____   8/02/02

PMI 000164

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2011 a true and correct copy of the foregoing

**DEFENDANTS' REPLY BRIEF IN OPPOSITION TO UNITED STATES'
RESPONSE TO AFFIDAVIT OF DOREEN HENDRICKSON AND RENEWED
MOTION FOR CIVIL CONTEMPT**

was served via U.S. Mail on the Plaintiff as listed below:

Daniel A. Applegate
Trial Attorney Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044

Doreen M. Hendrickson