**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 10-1824

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 22, 2011
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| PETER E. HENDRICKSON and DOREEN | ) | MICHIGAN |
| M. HENDRICKSON, | ) | |
| | ) | |
| Defendants-Appellants. | | |

O R D E R

Before: DAUGHTREY, CLAY, and STRANCH, Circuit Judges.

Peter E. and Doreen M. Hendrickson, proceeding *pro se*, appeal two district court orders denying their motion to vacate the grant of the Government's motion for summary judgment and holding them in contempt for failing to comply with the court's order directing them to file amended returns for the tax years 2002 and 2003. This case has been referred to a panel of the Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2006, the Government filed a civil action against the Hendricksons seeking to recover amounts refunded to them pursuant to fraudulent tax returns that they filed for the 2002 and 2003 tax years. The Government also sought injunctive relief under 26 U.S.C. § 7402(a) to compel the Hendricksons to file amended, accurate 2002 and 2003 tax returns.

The Government filed a motion for summary judgment, which the district court granted, ordering the Hendricksons to file amended returns and repay erroneously issued refunds in the total amount of $20,380.96, and enjoining them from filing fraudulent tax returns in the future. We

affirmed the district court's order on appeal. *United States v. Hendrickson*, No. 07-1510 (6th Cir. June 11, 2008) (unpublished), *cert. denied*, 129 S. Ct. 2810 (2009).

When the Hendricksons failed to comply with the injunction, the Government filed a motion for contempt. The Government then filed a second motion for contempt after the Hendricksons failed to comply with the Government's post-judgment discovery requests after being ordered to do so. Following the procedure set forth in 28 U.S.C. § 636(e)(6)(B), the district court held a show cause hearing on the contempt motions and issued an order stating that it would impose a sanction of $100 per day until the Hendricksons filed the amended returns, that it would impose a sanction of $50 per day until they complied with the discovery order, and that the Hendricksons would be incarcerated if, after fourteen days, they had failed to pay the sanctions. The Hendricksons timely appealed this order.

While the contempt motions were pending, the Hendricksons filed a motion to vacate the district court's underlying injunction order, pursuant to Federal Rules of Civil Procedure 60(b)(3), 60(b)(4), and 60(d)(3). The district court denied the motion to vacate, and the Hendricksons timely appealed this order as well. The parties have addressed both matters in their appellate briefs.

On appeal, the Hendricksons repeat the substantive arguments they presented in response to the government's complaint and at the hearing on the contempt motion. Specifically, the Hendricksons argue that: The Government lacked evidence to support its complaint; The Government has not shown that the Hendricksons' income was taxable; The amended returns forced them to swear to a fact they did not believe, that their income constituted taxable wages; The court could not hold them in contempt when the underlying judgment was invalid; and, They were not given a sufficient opportunity to respond to the Government's summary judgment motion before the motion was granted. In support of their motion to vacate, the Hendricksons rely principally on Rule 60(b)(6), stating that the district court committed "fraud on the court" with its "own misapprehension of the tax law."

Appeal from Order Denying Motion to Vacate

To the extent that the Hendricksons' motion to vacate sought relief from judgment based on fraud under Federal Rule of Civil Procedure 60(b)(3), the district court properly denied the motion as time-barred. A Rule 60(b)(3) motion asserting fraud must be brought within one year of the judgment. Fed. R. Civ. P. 60(c)(1). The underlying judgments in this case were issued in February and May of 2007, and the Hendricksons did not file their Rule 60(b) motion until May 2010, which was well beyond the one-year limit.

To the extent the motion sought relief under Rule 60(b)(4), the three years that the Hendricksons waited to file the motion was beyond the "reasonable time" permitted by Rule 60(c)(1), considering that the arguments and evidence they presented in support of the motion were available and known to the Hendricksons the moment the underlying orders were issued. Moreover, the arguments are meritless. The Hendricksons argue that the judgments were null and void because the court lacked jurisdiction to decide the case when the evidence was lacking to support the Government's complaint. However, the Hendricksons lost this argument before the district court and before this Court on appeal, and the Supreme Court refused to review this Court's decision on the matter. Therefore, this argument is barred by the law-of-the-case doctrine. *See Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

To the extent that the motion was brought as an independent action to set aside the judgment for fraud upon the court pursuant to Rule 60(b)(6) and Rule 60(d)(3), the district court properly denied the motion as meritless. The district court has the authority to provide relief from judgment in an independent action under the savings clause found in Rule 60(b)(6), and there is no specific time limit for seeking relief under this rule. However, this provision should only be applied in "unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). To succeed on such a motion, the Hendricksons were required to show that the conduct by an officer of the court was intentionally false, wilfully blind to the truth, or in reckless disregard of the truth. *See Workman v. Bell*, 484 F.3d 837, 840 n.1 (6th Cir. 2007).

The Hendricksons argue that the district court judge committed fraud upon her own court by "misapprending" the tax law. This argument merely reflects the Hendricksons' belief that their interpretation of the tax code is the correct one, notwithstanding well-established case law stating otherwise. The Hendricksons also claim that fraud was committed when the Government failed to substantiate its claims with sufficient evidence because, under their interpretation of the tax law, the government's W-2 Forms were questionable. However, a claim of inadequate presentation of evidence is not an appropriate basis for relief under Rule 60(b), and does not permit the Hendricksons to present new legal theories in light of the overwhelming evidence presented by the Government that their 2002 and 2003 income was taxable. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Likewise, we find no merit to the Hendricksons' argument that they were not given a sufficient amount of time to produce evidence in response to the Government's motion for summary judgment before the motion was granted. We review a district court's decision concerning discovery matters under the abuse-of-discretion standard. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The Hendricksons argue that, had they been given more time, they could have produced statements from representatives of their former employers who were responsible for providing their W-2s to the IRS indicating that the corporate attorney did not consult the definition of "wages" and the second representative feared IRS "reprisals.". However, these statements, even if they had been admitted, would not have shown that the Hendricksons' income, as reflected on their W-2s, was not taxable. Accordingly, any failure by the district court to extend discovery time was not an abuse of discretion. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

Contempt Order and Sanctions

The district court properly granted the Government's motion for contempt and ordered sanctions based on the Hendricksons' conduct and history in this litigation. A district court has the discretion to hold a litigant in civil contempt for failure to comply with its orders, including a discovery order. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994); *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006); *see also* 18 U.S.C. § 401.

No. 10-1824
- 5 -

We review a finding of contempt for an abuse of that discretion. *Liberte Capital*, 462 F.3d at 550. "An abuse of discretion exists where the district court relied upon clearly erroneous findings of fact or applied an incorrect legal standard." *Id*. The Government was required to prove by clear and convincing evidence that the Hendricksons violated the district court's underlying orders, and that the orders in question were definite, specific, and clear, with any ambiguities resolved in favor of the Hendricksons. *See United States v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007).

The district court's underlying orders set forth the Hendricksons' obligations in terms that were clear, specific, and unambiguous. The Hendricksons do not challenge the clarity of the orders or the fact that they violated the orders. They rely only on the same theories and arguments presented in support of their motion to vacate; that the district court's underlying judgment was void, the district court judge misunderstood the tax law, the evidence presented by the Government was insufficient to support its complaint, and the order holding them in contempt of the court's judgment was also void. Given that this Court affirmed the district court's rejection of these arguments, the Hendricksons have failed to demonstrate that the district court abused its discretion.

The Hendricksons also contend that their constitutional rights would be violated by compliance with the order, because they would be forced to swear to a fact they did not believe was true, and that it would infringe upon their First Amendment right to petition the government for redress of their grievance regarding their tax obligation. However, we have rejected similar tax-protestor arguments and find no merit to them in this case. *See Conces*, 507 F.3d at 1040.

Accordingly, the district court's orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: November 22, 2011

Doreen M. Hendrickson
232 Oriole Road
Commerce Township, MI 48382-0000

Peter E. Hendrickson
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

Re: Case No. 10-1824, *USA v. Peter Hendrickson, et al*
Originating Case No. : 06-11753

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013

cc: Mr. Daniel A. Applegate
Mr. Bruce R. Ellisen
Mr. John A. Nolet
Mr. Anthony T. Sheehan
Mr. David J. Weaver
William L. Woodward

Enclosure

Mandate to issue